Curia, per Woodworth, J.
This action was commenced to recover part of lot No. 5, in the 4th allotment of New Peterborough.
The plaintiff claimed under a deed from Peter Smith, the patentee, dated the 31st of May, 1819, which conveyed all that part of the south division of lot No. 5, not included in the mill lot.
In order to locate lot No. 5, the plaintiff gave in evidence a deed from Smith to Charles Hill, for the mill lot, dated April 6th, 1812. It is described as being part of lots 22 and 29 of the 3d allotment and 4 and 5 of the 4th allotment;
*692 beginning at a stake in the west line of lot 22, at the distance of one chain from the. southwest corner thereof; and runs from thence south 87 deg. east, 9 chains and 5Q links; then south 3 deg. west, 31 chains 621 links ; then north 87 deg. west, 31 chains, 62} links; thence-north 3 deg< east,. 31 chains, 62} links, to an elm sapling; then south 87 deg. east, 22 chains, 12} links to the place of beginning. Lot No. 5 is bounded thus: beginning at a hemlock tree on the northeast corner of the lot; thence north 87 deg; west, 40 chains to the northwest corner ; then south 3 deg. west, 42 chains 50 links, to the southwest comer, then south 87 deg. east, 17 chains, 68 *links to the mill lot; then north 3 deg. east, one chain 67 links, to the northwest corner of the mill lot; then south 87 deg. east, 22 chains, 12 links, to a stake standing in the east line of the lot, and in the north line of the mill lot; thence north 3 deg. east, 41 chains, 32 links, to the place of beginning.
If the mill lot is to be confined to the number of chains, it is evident that the north line is a line running parallel with the south lines of lots No. 5 and 22, and at the distance of one chain north of those lines. It is manifest, however, from the case, that the place of beginning of the mill lot, viz. the stake in the west line of lot 22, instead of being one chain from the southwest comer of 22, is distant about one chain 67 links. This appears from the testimony of Cushing, a surveyor, who- proved the south lines of 5' and 22 corresponding with a line of marked trees. He also established the southwest corner of 22, where a hemlock tree formerly stood as the original corner; He saw it in 1814, and the marks on it.. From that comer he ran a line north one chain; and then turning parallel to the south lines of 5 and 22, the defendant was in possession of apiece of land 40 links wide, and 6 chains and'20 links north of the parallel line^last mentioned. He farther- testified that he surveyed the defendant’s lot about 12: years-ago, at which time the line of marked trees, as the north line of the mill lot, was plain to be seen. He surveyed the defendant’s lot up to the line of marked trees. He is not in possession farther north. The witness always supposed the line of marked *693 trees was the north line of the mill lot, as originally surveyed, and marked at the time of such survey. The plaintiff, a few years since, erected a hedge fence on the line of marked trees.
It appears, then, that the lot was located according to the line actually run; but not conformably to the line as designated by length of chain. That line would have been farther south. The plaintiff seems to have acquiesced in the line of marked trees for a number of years, and now seeks to disturb it. Whether he can change this location, although incorrect, need not be considered until it is ascertained that lot No. 5 includes the premises in question. The mistake in the description has happened either by •inaccurate *measurement, or in putting down in the field book the distance of the place of beginning of the mill lot from the southwest corner of No. 22. It should have been 1 chain and 67' links, or thereabouts, instead of one chain, I have no doubt it was so intended originally.
Do the bounds of No. 5 include the premises in question? From the boundaries of No. 5, it appears that the north west corner of the mill lot, is 1 chain 67 links north of tne south line of No. 5. The next course from this corner, is south 87 deg. east, 22 chains and 12 links, to a stake standing in the east line of the lot, and in the north line of the mill lot. This course gives a line running east parallel with the south lines of Nos. 5 and 22, and of necessity makes the stake in the east line of No. 5, at the distance of 1 chain 67 links north of the south lines of 5 and 22, and the same distance from the southwest corner of 22. This south line of No. 5, so run, corresponds with the line of marked trees, spoken of by Cushing, the surveyor; and terminates at the stake where the mill lot was intended to begin.
Without, therefore, deciding whether the mill lot shall be confined to the number of chains, or whether the practical location made according to the actual survey, and acquiesced in by all parties for a number of years, ean now be set aside, it is enough for the defendant, that the premises *694 in question are not comprised within the bounds of lot No. 5.
The defendant is entitled to judgment.
Judgment for the defendant.