## PEOPLE v. EDWARDS.

### (Court of Oyer and Terminer, Oneida County. October 16, 1893.)

1. INDICTMENT—SETTING ASIDE—EVIDENCE BEFORE GRAND JURY.
   A motion will lie to set aside an indictment on the ground that there was not sufficient evidence of the crime before the grand jury, though that is not one of the grounds specified in Code Crim. Proc. § 313, for setting aside indictments.

2. BIGAMY—EVIDENCE TO SUPPORT FINDING—INDICTMENT.
   Under Code Crim. Proc. § 395, providing that the fact a crime has been committed cannot be proved by the oral admission or confession of accused made out of court, an indictment for bigamy will be set aside where the only evidence of a prior marriage consists of verbal statements made by defendant out of court.

Edward Edwards was on the 6th of October, 1893, indicted for the crime of bigamy. It is alleged in the indictment that in the year 1881, at Liverpool, England, he was married to one

Clara Wilkins, and that on the 30th day of August, 1893, at New Hartford, Oneida county, he was married to one Mary Jane Williams, while the said Clara Wilkins was still alive. Defendant moves to set aside said indictment, on the ground that there was not enough legal evidence presented to the grand jury to establish the alleged prior marriage, or to authorize them to find a true bill against the defendant. Granted.

S. M. Lindsley, for the motion.

G. S. Klock, Dist. Atty., opposed.

VANN, J. The motion to set aside the indictment is granted. Held:

1. That a motion of this character may be made upon grounds other than those specified in section 313 of the Code of Criminal Procedure. People v. Brickner, (O. & T.) 15 N. Y. Supp. 528; People v. Price, (Sess.) 2 N. Y. Supp. 415.

2. That an indictment should not be found unless all the evidence before the grand jury, taken together, would, if unexplained or uncontradicted, warrant a conviction by the trial jury. Code Crim. Proc. § 258.

3. That the alleged prior marriage of the defendant was an essential part of the corpus delicti, as, unless there was a prior marriage in force at the time the second marriage was contracted, there was no crime.

4. That the corpus delicti, or the fact that a crime has been committed, cannot be proved by the oral admission or confession of the accused person, made out of court. Code Crim. Proc. § 395.

5. That, as the only evidence tending to prove the first marriage presented to the grand jury consisted of verbal statements made by the defendant out of court, it follows that they had not sufficient evidence before them to permit the finding of an indictment against the defendant.

6. The order to be entered, however, will provide that the case be resubmitted to the next grand jury summoned for the county of Oneida, and that in the mean time the defendant remain in custody, as provided by section 318 of the Criminal Code, unless he furnishes bail to an amount to be fixed by the court, after hearing the suggestions of the counsel for the respective parties.