(23 Misc. Rep. 568.)

PEOPLE v. WILLIS et al. (two cases).

(Supreme Court, Trial Term, Kings County. May, 1898.)

1. INDICTMENT—MOTION TO SET ASIDE—GROUNDS.

    A motion to set aside an indictment can only be entertained where some constitutional right has been invaded, or upon the grounds set forth under Code 1881, § 313, as amended by Laws 1897, c. 427, where it has not been passed by 12 jurors; or not indorsed a true bill, and signed by the foreman; or not presented in court in presence of the jurors, and filed by the clerk; or where a stranger was present during its consideration.

2. SAME—DEFENDANT TESTIFYING BEFORE GRAND JURY.

    Where a person is called to testify before the grand jury at his own request, he cannot object to the indictment found against him on the ground that he was compelled to testify against himself.

3. SAME—VARIANCE—AMENDMENT.

    The alleged date of the commission of a crime in an indictment is not conclusive upon the prosecution, but may be amended under Code Cr. Proc. § 293, providing for the amendment of variances between the allegations and proof.

**4. CONSPIRACY—STATUTE OF LIMITATIONS.**

The statute of limitations is no bar to a prosecution for conspiracy, although the corrupt agreement took place at a date barred by the statute, where the crime continued in active operation as to overt acts within such time.

Theodore B. Willis and others were indicted, separately, for conspiracy and bribery, and moved to set the indictments aside. Motions denied.

Benjamin F. Tracy, for the motion.
Josiah T. Marean, Dist. Atty., opposed.

VAN WYCK, J. The accused move to set aside the indictments in both cases on the grounds (1) that the grand jury received and acted upon illegal evidence in finding same; (2) that there was not sufficient evidence to warrant the finding of the same; and, in the conspiracy case, on the further grounds (3) that the action is barred by the statute of limitations, and (4) that Willis was compelled to testify against himself.

The correct solution of these questions requires the consideration thereof to be in the full light of the humane spirit and jealous care of our law for the accused. The decision of these motions can neither acquit nor convict the defendants of the charges. This is simply a challenge, on their part, of the right of the state to even institute a criminal action against them under the circumstances.

Counsel for both parties have directed my attention to the following sections of the Code of Criminal Procedure: (1) "Motion to Set Aside Indictments," § 313; (2) "Dismissal of Criminal Actions," § 671; (3) "Evidence before Grand Jury," § 256; (4) "Corroboration of Accomplice," § 399; and (5) "Finding an Indictment," § 258.

About the meaning of these sections and their application to these indictments counsel differ, which devolves upon the court the task of construing the same. As thorough an examination as time and other official duties would permit has been made of the history of all proceedings having for their object the trial of the conduct of the grand jury rather than that of the accused, which has been both interesting and instructive, disclosing the usual conflicts along the line of development of what appears to be a well-defined system. The Code of Criminal Procedure of 1881 seems to have been but the enactment, with some few modifications, of that reported with explanatory notes to the legislature in 1850 by a commission composed of David Graham and others, the preparation of which I have always understood was largely the work of Graham. This Graham Code would seem to be an important factor in reaching a proper or correct construction of that of 1881, though counsel have not referred to it in any way. The Code of 1881 (section 313) says: "Indictment, when set aside on motion * * * in either of the following cases," viz.: Where not found by 12 jurors, or not indorsed a true bill and signed by foreman, or where not presented in court in presence of the jurors and filed by the clerk, or where a stranger has been present during the consideration thereof. This is a copy of section 332 of Graham's Code, the note to which declares it to be

a substitute for the motion to quash under the old practice, "and comprises, as the grounds for the motion, such matters as affect the substantial rights of the defendant." Judge Andrews (People v. Petrea, 92 N. Y. 128) says, at page 144, if the defect is constitutional, the court would without doubt be "bound to take notice of it, although no statute authorized it, or even if the statute assumed to preclude the raising of the objection. But, if the defendant may be held to answer the indictment without invading any constitutional right, then the question is one of procedure merely, and the right of the defendant to avail himself of the objection is subject to the regulation and control of the legislature." And at page 145 he says: "The Code (section 313), by defining the causes for which the indictment may be set aside, must, by the general rule of construction, be held to exclude the entertaining of the motion for other causes than those specified." The intention of the Code was to discourage technical defenses to an indictment which do not affect the merits. Since this decision the other courts have manifested a disposition to differ from the views thereof, sometimes expressing a difference where in reality there was none, for the defect under consideration involved the invasion of some constitutional right, such as compelling one to testify against himself or depriving him of his liberty without due process of law; there being no evidence, or insufficient evidence, in the sense that if, including all natural inferences therefrom, it is fully credited, it fails to sustain the indictment. People v. Singer, 5 N. Y. Cr. R. 1; People v. Haines (Gen. Sess.) N. Y. Supp. 55; People v. Clark (O. & T.) 14 N. Y. Supp. 642; People v. Brickner (O. & T.) 15 N. Y. Supp. 528.

It appears that the tendency to disregard the limitations placed upon the motion to set aside or quash an indictment, under section 313, attracted the attention of the lawmaking power to the subject again, and the section was amended (Laws 1897, c. 427) by adding to the phrase, "in either of the following cases," the words, "but in no other." This would seem to establish the restriction of this motion to set aside or quash to the grounds specified, excepting constitutional defects, in accordance with the views expressed by Judge Andrews. No case holding otherwise, and decided since this amendment, has been cited. In some of the cases cited the power to set aside an indictment is rested upon the Code of Criminal Procedure (section 671), which provides that the court can, upon its own motion or that of the district attorney, in the furtherance of justice, dismiss a criminal action. People v. Brickner (O. & T.) 15 N. Y. Supp. 528; People v. Vaughan, 19 Misc. Rep. 298, 42 N. Y. Supp. 959. This section and the one following show on the face thereof that the former is merely a substitute for a nolle prosequi under the old practice, but, if there should be any doubt of it, the note to Graham's Code (sections 739, 740) will set it at rest. It is there declared to be such substitute and a correction of some defects under the old practice, by giving the power to enter a nolle prosequi to the court on its motion, and by depriving the attorney general of his then power to do so in all cases. The dismissal or nol. pros. of the action, in pursuance thereof, would, under section 673, work

a bar to any further prosecution of the same misdemeanor. That these actions are not the proper ones for the use of the nolle prosequi can readily be seen by reference to Whart. Cr. Pl. (9th Ed.) § 384, and the scope of the motion to set aside indictments under section 313 as it now stands, cannot help the defendants herein, unless some constitutional right has been invaded, for the grounds presented to me are not any of those specified in that section. This substitute (section 313) for the motion to quash, and that (section 671) for the nolle prosequi under the old practice, the power under the former having been decreased and that under the latter having been enlarged, furnish sure protection to defendants in all of their substantial rights, and, in fact, of all rights which it is at all necessary should be passed upon before the trial shall be reached; and this, too, is accomplished without the exercise of any legislative function, which, according to some of the decisions, is indulged in at times in response to some justice-exacting motive on the part of the courts. At the trial the case is always submitted to the jury with that intendment of the law which is most favorable to the accused, or the court, by way of command, can advise an acquittal. The grand jury could not be expected to administer its functions with the same strictness and exactness as would prevail at a closely-contested trial, where usually the points are sharply presented to the court by frequent objections, followed by exceptions to unfavorable rulings. Such a demand upon the grand jury, without the advantage of objection or the warning of exception, would be fatal, in the end, to the present system of commencing criminal actions by indictment. The rule is much broader. "To confine the grand jury to the technical rules of evidence may be intolerable." Underh. Cr. Ev. § 26. The lawmaking power discloses a like disapproval of such stringent requirements as might be incapable of practical enforcement in the grand jury room. Graham's Code, § 260, reads: "The grand jury can receive none but legal evidence, and the best evidence in degree, to the exclusion of hearsay and secondary evidence;" but the legislature (Cr. Code 1881, § 256) significantly omits this sentence, expressly excluding hearsay and secondary evidence. Hope v. People, 83 N. Y. 418–423. Graham's Code, § 454, and Cr. Code, § 399, relating to the corroboration of an accomplice, both contain the sentence, "and the corroboration is not sufficient if it merely show the commission of the crime or the circumstances thereof," which was, for the accomplishment of some purpose, stricken out by Laws 1882, c. 360. People v. Everhardt, 104 N. Y. 594, 11 N. E. 62. The mandate of the law (Code, § 258) declares that the grand jury ought to find an indictment when the evidence, in their judgment, if unexplained and uncontradicted, warrants a conviction by a trial jury. The inference to be fairly drawn from the foregoing provisions suggests a construction thereof which would strengthen, rather than strangle, the functions of the grand jury.

After carefully weighing and considering all the testimony in both cases, I am satisfied that the legal evidence with the required corroboration, uninfluenced by any illegal evidence, fully sustains these indictments, and justified the grand jury in reaching the conclusion

that the legal evidence, if unexplained and uncontradicted, would warrant a conviction by a trial jury. Hope v. People, 83 N. Y. 423; People v. Edwards (O. & T.) 25 N. Y. Supp. 480.

The defendant Willis was not compelled, in my opinion, to testify against himself in the conspiracy case, for the affidavit of Dist. Atty. Marean makes it manifest that he was called before the jury at his own request and earnest solicitation. Const. N. Y. art. 1, § 6; Code Cr. Proc. § 10; Underh. Ev. § 27. This being so, it becomes unnecessary to consider the effect of the inquiry being in a general investigation (subdivision 3, § 260, Code Cr. Proc.), or whether he really incriminated himself or not in the testimony he gave. People v. Aldermen and People v. Supervisors, before Judge Moore, in this county, unreported.

In the conspiracy action, the statute of limitations can hardly avail the defendants on this motion; for, even if the concoction of the corrupt agreement is alleged to have taken place at a date not within two years, this is not conclusive upon the people. Code Cr. Proc. §§ 280, 293, 339; People v. Van Santvoord, 9 Cow. 660; Underh. Cr. Ev. § 27. Besides, it appears that this conspiracy is not an instantaneous crime, finished and completed at the alleged date of the concoction, but a continuous one, existing within the two years, in active operation, as to overt acts. Whart. Cr. Pl. (9th Ed.) § 231.

These charges cannot be disposed of on these motions, but will have to be met at the trial of the actions, where the innocence of the defendants will be assumed, unless their guilt shall be proved beyond a reasonable doubt. The motions must be denied. Motions denied.