(59 App. Div. 231.)
#### PEOPLE v. McCARTHY.

(Supreme Court, Appellate Division, Second Department.   March 27, 1901.)

CRIMINAL LAW—MISDEMEANOR—JURISDICTION.

    Greater New York Charter, § 1406, conferring exclusive jurisdiction on the special sessions to hear and determine all charges of misdemeanors committed within the city of New York, but providing that the jurisdiction of the court shall be devested if the grand jury shall indict such person for such offense before his trial, does not take away the right of the grand jury to indict for a misdemeanor in the first instance.

Appeal from trial term, Queens county.

Patrick McCarthy was convicted of keeping a disorderly house, and he appeals.   Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Charles Haldane, for appellant.

G. A. Gregg, for respondents.

GOODRICH, P. J.   The defendant was indicted by the grand jury of Queens county, of its own motion, in April, 1900, for keeping a disorderly house in the First ward of the borough of Queens, and was tried and convicted under the indictment in the county court of Queens county.   He moved in arrest of judgment on the ground, among others:

    "(2) That the county court, Queens county, had no authority or jurisdiction to inquire into the charge or charges for which the defendant was convicted by indictment in the first instance, and before a charge or complaint was made to a city magistrate; that the court of special session of the Second division of the city of New York had exclusive jurisdiction in the first instance to hear and determine the charges contained in said indictment."

The motion being denied, the defendant appeals to this court.

The decision must turn upon the construction to be given to section 1406 of the Greater New York charter, which section is substantially, and mutatis mutandis, a re-enactment of section 14 of chapter 601 of the Laws of 1895.   The section is found in title 3 of the charter, which creates courts of special sessions in the city, with two divisions, —the first for the boroughs of Manhattan and the Bronx, and the second for the boroughs of Brooklyn, Queens, and Richmond.   Section 1406 confers upon these courts of special sessions—

    "Exclusive jurisdiction to hear and determine all charges of misdemeanors committed within the city of New York. * * * The said courts shall, however, be devested of jurisdiction to proceed with the hearing and determination of any charge of misdemeanor in either of the following cases: First. If, before the commencement of the trial in said court of any person accused of misdemeanor, a grand jury shall present an indictment against the same person for the same offence."

The defendant's contention is that the language of the first subdivision of section 1406 must be restricted to cases where proceedings have been already instituted in the court of special sessions, and that the section was intended to provide for a stay of such proceedings. His counsel refers to the language of the second subdivision, which authorizes a stay of proceedings in the special sessions, but this sec-

ond subdivision relates to an entirely different condition from that mentioned in the first subdivision. The first relates to the power and action on the part of the people, while the second relates to action on the part of the defendant, and provides that, where proceedings on charges have been actually commenced in the court of special sessions, a justice of the supreme court and certain other judges may certify that it is reasonable that such charge shall be proceeded with by indictment, whereupon the justice may order a stay of proceedings in the court of special sessions. The absence of such language in the first subdivision clearly differentiates the two subdivisions. The first is general and sweeping, and works a divestiture of the jurisdiction of the special sessions where at any time before the commencement of a trial in the special sessions a grand jury presents the indictment. This is in accord with the long-established functions of the grand jury, which existed at common law from time immemorial. The power of indictment finds expression in section 252 of the Code of Criminal Procedure, which was merely declaratory of the common law. That section provides that the grand jury have power, and it is made their duty, to inquire into all crimes committed or triable in the county, and to present them to the court. Section 1406, subd. 1, of the charter is not inconsistent with this power. It is in exact accord therewith. To hold otherwise would infringe the jurisdiction of the supreme court as established in Const. art. 6, § 1.

There was no error in the denial of the motion in arrest of judgment, and the judgment of conviction should be affirmed. All concur.