(42 Misc. Rep. 312.)

PEOPLE v. SEXTON.

(Supreme Court, Trial Term, Ontario County. December, 1903.)

1. INDICTMENT—SETTING ASIDE—EVIDENCE BEFORE GRAND JURY.

An indictment should not be set aside, where there is legal evidence to sustain it, because children under 12 years of age, and not under oath, made statements before the grand jury; there being no claim that they were not sufficiently intelligent to justify the reception of the evidence, and Code Cr. Proc. § 313, authorizing an indictment to be set aside for certain reasons, not providing that it should be set aside because of the reception of insufficient or incompetent evidence.

Edward Sexton was indicted for murder in the first degree. Motion to set aside and to inspect grand jury minutes. Denied.

Robert F. Thompson, Dist. Atty., for the People.

Royal R. Scott, for defendant.

DAVY, J. This is a motion to vacate and set aside the indictment found against the defendant by the grand jury of Ontario county, charging him with the crime of murder in the first degree. When the defendant was called upon to plead, his counsel challenged the validity of the indictment upon the ground that Carrie Sexton, a daughter of the defendant, about nine years of age, and Eddie Sexton, a son of the defendant, about six years of age, were permitted to make statements before the grand jury, not under oath.

At common law it was usual for the trial judge, by a preliminary examination of a child, to determine whether it had sufficient intelligence and culture to understand the obligation of an oath; but in no case could the child's statements, not under oath, be received. The Code of Criminal Procedure (section 392) has changed that rule. The language of that section is as follows:

"The rules of evidence in civil cases are applicable also to criminal cases, except as otherwise provided in this Code. Whenever in any criminal proceedings a child actually or apparently under the age of twelve years offered as a witness does not in the opinion of the court or magistrate understand the nature of an oath, the evidence of such child may be received though not given under oath if, in the opinion of the court or magistrate such child is possessed of sufficient intelligence to justify the reception of the evidence. But no person shall be held or convicted of an offense upon such testimony unsupported by other evidence."

Section 255 of the Code of Criminal Procedure provides that:

"In the investigation of a charge, for the purpose of indictment, the grand jury can receive no other evidence than: (1) Such as is given by witnesses produced and sworn before them, or furnished by legal documentary evidence; or (2) the deposition of a witness, in the cases mentioned in the third subdivision of section eight."

The language of this section requires every witness who testifies before the grand jury to be sworn, and this rule must be followed, even in the case of children under 12 years of age, unless that section is modified by section 392, which allows a child under 12 years of age to testify, not under oath, in all criminal proceedings, providing the

¶ 1. See Indictment and Information, vol. 27, Cent. Dig. § 483.

court or magistrate is of the opinion that such child is possessed of sufficient intelligence to justify the reception of the evidence.

The jurisdiction of the grand jury is coextensive with that of the court. Their proceedings pertain exclusively to the investigation of crimes. They are a part of the court's proceedings, and they have the same power to examine witnesses and to determine their competency that the court has. They are the sole judges of the credit to which a witness is entitled, and when the evidence, unexplained, is sufficient, in their judgment, to warrant the conviction of the accused before a trial jury, it is their duty to find an indictment. I can see no good reason why they should not have the power to determine whether they will receive, not under oath, the evidence of a child under 12 years of age. It is not claimed that these children were not possessed of sufficient intelligence to justify the grand jury in receiving their evidence. The principal point urged by the learned counsel for the defendant is that they were not sworn. We will assume that the defendant is guilty of the crime charged against him, but without the testimony of these children the evidence would not be sufficient to warrant the grand jury in finding an indictment. Must he be permitted to go free because the evidence of these children could not be taken before the grand jury? And yet their evidence upon the trial of the indictment would be competent and sufficient, with the other evidence, to justify the conviction of the accused. Such a construction of the statute would be unreasonable, and would at times work great injustice to the people in the investigation of crimes by the grand jury. The Legislature could not have intended to deprive the grand jury of this class of evidence.

The remarks by Mr. Justice Williams in People v. Molineux, 27 Misc. Rep. 85, 58 N. Y. Supp. 155, are worthy of consideration. In that case he said:

"A reasonable construction should be given to this statute, not a forced and unnatural one. If this species of evidence is valuable upon trials in open court, as it surely is, why should the rule not extend to any proceeding, civil or criminal, where evidence of any kind is to be taken? Can it be possible the Legislature provided for a species of evidence upon the trial of a person for a crime, and yet intended to prevent the using of the same species of evidence before the grand jury, to enable them to say whether the person should be put upon trial at all? It seems to me, not."

Even if the evidence was incompetent, it does not vitiate the indictment, as there is sufficient legal evidence, with the children's testimony stricken out, to sustain it.

The courts are not called upon to sit in review of the investigations of a grand jury as upon the review of a trial when error is alleged; but, in cases where the court can see that the indictment was based wholly upon incompetent evidence, then it should be set aside. Grand juries do not try the issues, but inquire and determine whether a crime has been committed; they do not condemn, but only accuse; and it would be unwise, in practice, to confine them to technical rules of evidence. Hope v. People, 83 N. Y. 418, 38 Am. Rep. 460; People v. Edwards (O. & T.) 25 N. Y. Supp. 480; People v. Willis, 23 Misc. Rep. 572, 52 N. Y. Supp. 808.

Underhill, in his work on Criminal Evidence, § 26, lays down the following rule:

"It should be remembered, however, that the testimony goes before the grand jury in the absence of the judge, and very often while the prosecuting officer is not in the room. Hence, to confine grand juries to the technical rules of evidence may be intolerable in practice. As a general rule, the fact that some incompetent evidence was received in connection with competent evidence, or an incompetent witness examined, is not ground for quashing an indictment, since these errors may be corrected on the trial."

The grand jury ought not to be required to conduct its proceedings with the same strictness as would prevail at the trial. Such a requirement would be fatal to our present system of prosecuting criminal actions by indictment.

The following rule is laid down in the American & English Encyclopædia of Law, vol. 17, p. 1283:

"The court will not look behind the return of the grand jury, and set aside an indictment because that body received improper evidence, or the testimony of witnesses who were not competent to testify."

Judge Andrews, in People v. Petrea, 92 N. Y. 128, says at page 144 that if the defect is constitutional the court would, without doubt, be bound to take notice of it, although no statute authorized it, or even if the statute assumed to preclude the raising of the objection; but, if the defendant may be held to answer the indictment without invading any constitutional right, then the question is one of procedure, merely, and the right of the defendant to avail himself of the objection is subject to the regulation and control of the Legislature. And at page 145 he says:

"The Code (section 313), by defining the causes for which the indictment may be set aside, must, by the general rule of construction, be held to exclude the entertaining of the motion for other causes than those specified."

This rule clearly establishes the restrictions of this motion to set aside the indictment to the grounds specified in that section.

Section 313 does not authorize the court to set aside an indictment on the ground that incompetent evidence was given before the grand jury. It provides that:

"The indictment must be set aside by the court in which the defendant is arraigned, and upon his motion, in either of the following cases, but in no other: (1) When it is not found, indorsed and presented as prescribed in sections two hundred and sixty-eight and two hundred and seventy-two. (2) When a person has been permitted to be present during the session of the grand jury, while the charge embraced in the indictment was under consideration, except as provided in sections two hundred and sixty-two, two hundred and sixty-three and two hundred and sixty-four."

The exceptions referred to in the last three sections pertain to the right of the district attorney to appear before the grand jury for the purpose of examining witnesses, or for the purpose of giving information relative to any matter before them.

Section 268 provides that:

"An indictment cannot be found without the concurrence of at least twelve grand jurors. When so found, it must be indorsed, 'A true bill,' and the indorsement must be signed by the foreman of the grand jury."

Section 272 provides that:

"An indictment when found by the grand jury, as prescribed in section two hundred and sixty-eight, must be presented by their foreman in their presence to the court, and must be filed with the clerk, and remain in his office as a public record, but it must not be shown to any person other than a public officer, until the defendant has been arrested or has appeared."

It is plain to be seen from an examination of the above sections of the Code that insufficient or incompetent evidence is not among the statutory grounds for authorizing the court to set aside an indictment, unless there has been some invasion of a constitutional right of the accused. Hope v. People, supra; People v. Willis, 23 Misc. Rep. 568, 52 N. Y. Supp. 808; People v. Molineux, 27 Misc. Rep. 79, 58 N. Y. Supp. 155; People v. Winant, 24 Misc. Rep. 361, 53 N. Y. Supp. 695.

I have examined the grand jury minutes with care, and have carefully considered the testimony; and I am satisfied that, if the children's testimony is stricken out, there is sufficient legal evidence to sustain the indictment. The motion, therefore, to set it aside, must be denied, and the motion to inspect the grand jury minutes is also denied. Motions denied.