(52 Misc. Rep. 340)

### PEOPLE v. BOOTH.

(Supreme Court, Ontario County. January 16, 1907.)

1. INDICTMENT — WHEN PERMITTED — JURISDICTION OF GRAND JURY — TAKING PROPERTY FROM OFFICER.

Code Cr. Proc. § 56, subd. 25, gives the Court of Special Sessions jurisdiction of a charge of removing property out of the county, or secreting or disposing of it with intent to prevent the same being levied on. *Held*, that the Court of Special Sessions has not exclusive jurisdiction over the offense specified in Pen. Code, § 83, of taking property from the custody of an officer, but the grand jury may indict for such offense.

2. OBSTRUCTING JUSTICE—TAKING PROPERTY FROM OFFICER.

The offense of taking property from an officer holding it under process of law specified in Pen. Code, § 83, may be committed by the owner of

the property, and, when so committed, it does not become the offense of secreting property to prevent a levy thereon, specified in Code Cr. Proc. § 56, subd. 25.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Obstructing Justice, §§ 7, 10.]

3. INDICTMENT—EVIDENCE TO SUSTAIN.

On motion to quash indictment for insufficiency of the evidence on which it was found, evidence renewed, and *held* sufficient.

4. SAME.

A grand jury is not held to the same strictness with respect to admission of evidence that a trial court is, and an indictment will be sustained on motion to quash if there was evidence before the grand jury sufficient to support a conviction, although incompetent evidence has been admitted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Indictment and Information, § 483.]

Action by the state against Franklin A. Booth. Motion to set aside an-indictment. Overruled.

Myron D. Short, Dist. Atty., for the people.
Charles D. Newton, for defendant.

CLARK, J. This is a motion to set aside an indictment found against the defendant by the grand jury of Ontario county in October, 1906, charging him with a violation of section 83 of the Penal Code; the precise charge being that at the time stated in the indictment the defendant took from the custody of the sheriff of Ontario county, certain articles of personal property, described in the indictment, which articles had been levied upon by the sheriff, and were in his lawful possession by virtue of a certain execution in his hands for collection, which had been issued upon a judgment obtained in the Supreme Court against this defendant, Franklin A. Booth.

The learned counsel for the defendant argues, with much force, that the grand jury was without jurisdiction whatever in this case, and that subdivision 25 of section 56 of the Code of Criminal Procedure gave a Court of Special Sessions exclusive jurisdiction in a case of this character, and that the grand jury could not take notice of it unless the matter had come before the grand jury, as provided by section 57 of the Code of Criminal Procedure. It does not seem to me that a Court of Special Sessions has exclusive jurisdiction in a case of this character. Subdivision 25 of section 56 of the Code of Criminal Procedure has reference to a charge of removing property out of the county with intent to prevent the same from being levied upon by execution, or secreting, assigning, conveying, or otherwise disposing of property with intent to defraud any creditor, or to prevent the property being made liable for the payment of debts, while section 83 of the Penal Code, under which the defendant is indicted, reads as follows:

"A person who takes from the custody of an officer, or other person, personal property in charge of the latter, under any process of law, or who willfully injures or destroyes such property, is guilty of a misdemeanor."

This defendant did not remove this property with intent to prevent the same from being levied upon, but proof before the grand jury was

clear and satisfactory that a judgment had been recovered in Supreme Court against this defendant; that upon that judgment an execution had been duly issued to the sheriff of Ontario county, who, acting under and by virtue of that execution, had actually levied upon the property in question, and it makes no difference whether the property belonged to the defendant or any other person. The sheriff had the custody of this property under a process of law, to wit, the execution above referred to, and the section says:

"A person who takes from the custody of an officer, etc., personal property, which is in the charge of an officer under any process of law, is guilty of a misdemeanor."

And so in order to make the case sufficient for the grand jury, all that it was necessary for the people to show was that this property was in the possession of an officer (the sheriff), under a process of law (the execution), and that a person took the property from the custody of the officer, and section 83 of the Penal Code makes it perfectly clear that, under these circumstances, it makes no difference whether the party who takes the property so held by an officer is the owner of it or not. While it is true, as claimed by the learned counsel for the defendant, that some incompetent evidence was received before the grand jury, still it cannot be denied but that there was sufficient competent evidence to justify the finding of this indictment. The recovery of the judgment against the defendant was duly proven, the issuing and receipt of the execution by the sheriff and his levy upon the goods in question was satisfactorily established, and it was also clearly shown that these goods were in his custody in a barn at Clifton Springs, where the sheriff, after the levy, had gotten permission to store them; and after all this occurred, and before the advertised day of the sale of the goods, the defendant, at the time charged in the indictment, went with some other man to this barn and took these goods away. This evidence, if true, was sufficient to justify the finding of the indictment, no matter if there had been some incompetent evidence as to what the defendant had done with, or how he had sold the goods, either before or after the time stated in the indictment.

A prima facie case, supported by competent and proper evidence, is sufficient for an indictment. People v. Farrell, 20 Misc. Rep. 213, 45 N. Y. Supp. 911. It has long been the rule that a grand jury is not held to the same strictness with respect to the admission of evidence as is required upon a trial, and it is sufficient if the legal evidence before them would sustain a conviction. People v. Willis, 23 Misc. Rep. 568, 52 N. Y. Supp. 808. Of course, if the indictment had been found upon evidence which was wholly incompetent, then it would clearly be the duty of the court to set it aside, but grand juries do not try the issues. They determine whether a crime has been committed, and they simply accuse the defendant, and, if there is sufficient evidence to show that a crime has been committed, and if unexplained, it points to the guilt of the defendant, and would warrant a conviction by a trial jury, then the grand jury ought to find an indictment. Code Cr. Proc. § 258. It has long been held in this state that grand

juries cannot be confined to technical rules of evidence. Hope v. People, 83 N. Y. 418, 38 Am. Rep. 460; People v. Edwards, 25 N. Y. Supp. 480. "A court will not look behind the return of the grand jury, and set aside an indictment because that body received improper evidence, or the testimony of witnesses who were not competent to testify." 17 Am. & Eng. Enc. of Law, p. 1283. When there is sufficient legal evidence, as there was in this case, to sustain an indictment, it should not be set aside merely because some incompetent evidence was admitted. People v. Sexton, 42 Misc. Rep. 312, 86 N. Y. Supp. 517; People v. Molineaux, 27 Misc. Rep. 85, 58 N. Y. Supp. 155. I do not see where any constitutional right of this defendant was violated, and that being so, the receiving of incompetent evidence by the grand jury is not among the grounds authorizing the court to set aside an indictment. Hope v. People, supra; People v. Willis, 23 Misc. Rep. 568, 52 N. Y. Supp. 808; Code Cr. Proc. § 313.

I have very carefully examined the grand jury minutes in this case, and while some incompetent evidence was received, and it is always necessarily received when grand jurors, unfamiliar with the rules of evidence, have as much right to question witnesses as the district attorney has, still I am satisfied that there was sufficient competent evidence before the grand jury to establish that the property described in the indictment was in charge of an officer, to wit, the sheriff of Ontario county, under a process of law, viz., an execution in his hands duly issued upon a judgment which had been recovered against the defendant; that he had levied upon the property in question under said execution, and it was actually in his custody at the time defendant is charged in the indictment with having taken it; and, also, that it was taken from the custody of such officer while he so had it in charge, by this defendant, and that under the authorities cited, that evidence, unexplained, is sufficient to sustain the indictment, even though some incompetent evidence was received by the grand jury. It is not so much a question of whether or not some incompetent evidence was received, as it is whether or not there was sufficient competent evidence to warrant the finding of the indictment, and an examination of the grand jury minutes reveals clearly that, notwithstanding the fact that some incompetent evidence was received. there was sufficient competent evidence to warrant the finding of the indictment.

This motion must therefore be denied.