PEOPLE v. OSBORNE.

(Supreme Court, Special Term, Westchester County. February, 1916.)

1. INDICTMENT AND INFORMATION ⊙⟶140(2)—MOTION TO SET ASIDE—GROUNDS—PRESUMPTIONS.

The presumption is that an indictment is based upon legal and sufficient evidence, until there is satisfactory proof to the contrary.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 475; Dec. Dig. ⊙⟶140(2).]

2. INDICTMENT AND INFORMATION ⊙⟶137(4)—MOTION TO SET ASIDE—GROUNDS.

Where a court can see that an indictment was based wholly upon incompetent and illegal evidence, or it appears that such illegal evidence influenced the grand jury, the indictment should be set aside.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 483; Dec. Dig. ⊙⟶137(4).]

3. INDICTMENT AND INFORMATION ⊙⟶137(3)—POWERS AND DUTIES.

The grand jury is a court of original inquiry, and its powers and duties as to indictments are stated in Code Cr. Proc. § 252, giving it power to inquire into crimes and present them to the court; and where there is nothing to show that such section has not been followed by the grand jury, an indictment will not be quashed as irregularly found.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 482, 484; Dec. Dig. ⊙⟶137(3).]

Thomas Mott Osborne was indicted for perjury, and moves to set aside the indictment. Denied.

See, also, 158 N. Y. Supp. 330; 158 N. Y. Supp. 419.

Frederick E. Weeks, Dist. Atty., of White Plains, for the People.

Huntington W. Merchant, of New York City (George Gordon Battle, of New York City, of counsel), for defendant.

MORSCHAUSER, J. This is a motion made by the defendant, before trial, to dismiss two indictments against him. One of the indictments is for perjury, filed February 15, 1916, and one indictment is for the crime of unlawfully and willfully omitting to perform a duty enjoined by law upon him as a public officer, filed December 28, 1915. There are several grounds set forth in the motion papers upon which these motions are made. The defendant also demurs to the indictment for neglect of duty as a public officer.

I will dispose of the motion to set aside the indictment for perjury, filed February 15, 1916. The indictment charges the defendant specifically with having testified before Rudolph F. Diedling, one of the commissioners of prisons, on October 8, 1915, falsely as follows:

"Q. Tell us about the cases of 30 odd inmates committing sodomy with one man. A. I decline to answer any questions in relation to that, as all my information is of a confidential nature. Q. It is a fact that there was a sodomy case in which 30 or 40 men were concerned? A. No; it is not true. Q. Could you tell me how many men? A. I must decline to answer. I don't know positively that any case of sodomy has been committed here, except the Stanton case. Q. Have you a record of sodomy cases? A. It has never been brought before the court. Q. Why? A. There is no sodomy case so far as the prison is concerned."

On the indictment the names of the witnesses appear: James Harvey, Joseph Rotolo, Willard B. Thompson, William Willett, Jr., Clif-

ford M. Young, and Rudolph F. Diedling. The minutes of the grand jury show that a number of witnesses were sworn, and it appears that acts of sodomy and immorality were committed in the prison upon and by various men. It was claimed that this was known to the warden, and if this testimony is to be believed from the witnesses, he then had knowledge that acts of sodomy were committed in the prison. Of course this is all a question of fact for the jury. The interests and character of the witnesses, their bias and prejudices, all are to be considered.

[1] An indictment is a record of the court, which imports absolute verity until properly impeached. People v. Hulbut, 4 Denio, 133–136, 47 Am. Dec. 244. The presumption is that an indictment is based upon legal and sufficient evidence until there is satisfactory proof to the contrary. People v. Glen, 173 N. Y. 395–403, 66 N. E. 112.

"The court will not look behind the return of the grand jury and set aside an indictment because that body received improper evidence or the testimony of witnesses who were not competent to testify." American and English Encyclopedia of Law, volume 17, page 1283.

[2] Even if incompetent evidence was received, it does not necessarily vitiate the indictment, if there be sufficient legal evidence remaining to sustain it. Where the court can see that the indictment was based wholly upon incompetent and illegal evidence, or it appears that such illegal evidence influenced the grand jury, then the indictment should be set aside. Grand juries do not try the issues, but inquire and determine whether a crime has been committed. They do not condemn, but only accuse, and it would not be wise in practice to confine them to technical rules of evidence. People v. Sexton, 42 Misc. Rep. 315, 86 N. Y. Supp. 517; citing Hope v. People, 83 N. Y. 418, 38 Am. Rep. 460; People v. Edwards, 25 N. Y. Supp. 480; People v. Willis, 23 Misc. Rep. 572, 52 N. Y. Supp. 808. Underhill in his work on Criminal Evidence (section 26) lays down the following rule:

"It should be remembered, however, that the testimony goes before the grand jury in the absence of the judge, and very often while the prosecuting officer is not in the room. Hence to confine grand juries to the technical rules of evidence may be intolerable in practice. As a general rule the fact that some incompetent evidence was received in connection with competent evidence, or an incompetent witness examined, is not ground for quashing an indictment, since these errors may be corrected on the trial."

Said Mr. Justice Werner in People v. Sexton, 187 N. Y. 495, at page 513, 80 N. E. 396, 402 [116 Am. St. Rep. 621], citing the above section:

"A grand jury, although for some purpose a part of the court in connection with which it is convened, is in some aspects a separate and independent tribunal, free from the restraint of the court, and at liberty to decide upon its own methods of procedure, in so far as they are not controlled by statute or immemorial usage having the force of law. One of the attributes and powers of this independent existence is to decide when and in what order witnesses shall be called, and, to some extent, who shall be called. For all ordinary purposes of procuring evidence a grand jury is a distinct body, clothed with authority to conduct the examination of witnesses in any way that does not conflict with established legal rules."

Section 258 of the Code of Criminal Procedure provides that the grand jury ought to find an indictment when all of the evidence taken before them, taken together, is such as in their judgment would, if unexplained or uncontradicted, warrant a conviction by the trial jury.

There is a conflict of opinion upon motions of this character, and it seems that each case must be decided upon the facts as they appear to the court in each particular case, in justice to the defendant charged with crime. I do not believe any definite rule can be formulated. It would be proper, where illegal evidence was received and other circumstances shown, and the legal evidence upon which the indictment was found was weak and unsatisfactory, to grant the motion. The majority of the cases decide and hold that if the legal evidence before the grand jury was such that, disregarding the improper evidence, the indictment would still have been found, if the jury were not influenced to find the indictment by the improper evidence, but by the legal evidence before them, then the court should permit the indictment to stand and the defendant to be tried thereon.

In a charge to a grand jury in the United States Circuit Court (2 Sawy. 667, 30 Fed. Cas. 994), Mr. Justice Field said, among other things:

"The first designation of subjects of inquiry are those which shall be given you in charge; this means those matters which shall be called to your attention by the court, or submitted to your consideration by the district attorney. The second designation of subjects of inquiry are those which shall 'otherwise come to your knowledge touching the present service'; this means those matters within the sphere of and relating to your duties which shall come to your knowledge, other than those to which your attention has been called by the court or submitted to your consideration by the district attorney. But how come to your knowledge? Not by rumors and reports, but by knowledge acquired from the evidence before you, or from your own observations. Whilst you are inquiring as to one offense, another and a different offense may be proved, or witnesses before you may, in testifying, commit the crime of perjury. Some of you, also, may have personal knowledge of the commission of a public offense against the laws of the United States, or of facts which tend to show that such an offense has been committed, or possibly attempts may be made to influence corruptly or improperly your action as grand jurors. If you are personally possessed of such knowledge, you should disclose it to your associates; and if any attempts to influence your action corruptly or improperly are made, you should inform them of it also, and they will act upon the information thus communicated as if presented to them in the first instance by the district attorney. But, unless knowledge is acquired in one of these ways, it cannot be considered as the basis for any action on your part. We therefore instruct you that your investigations are to be limited: First, to such matters as may be called to your attention by the court; or, second, may be submitted to your consideration by the district attorney; or, third, may come to your knowledge in the course of your investigations into the matters brought before you, or from your own observations; or, fourth, may come to your knowledge from the disclosures of your associates."

If in investigating a crime against one person, it appears that a different crime has been committed by another, cannot the grand jury indict for such crime upon that evidence, if that evidence be legal and competent? I think so.

[3] The grand jury is a court of original inquiry, and its powers

and duties in this respect are stated in section 252 of the Code of Criminal Procedure. That section provides as follows:

"Sec. 252. *Power of Grand Jury to Inquire into Crimes, etc.* The grand jury have power, and it is their duty, to inquire into all crimes committed or triable in the county, and to present them to the court."

The power of indictment finds expression in this section, which is merely declaratory of the common law. People v. McCarthy, 59 App. Div. 231–233, 69 N. Y. Supp. 513. The indictment was properly indorsed and signed by the foreman of the grand jury, and the names of the witnesses were also indorsed upon the indictment. Section 268 and 271 of the Code of Criminal Procedure. If section 271 was not complied with to the satisfaction of the defendant, upon his application at any time before the trial a direction could be made that the names of such witnesses as they appear upon the minutes of the grand jury be furnished to him forthwith. He having been furnished the minutes of the grand jury, it seems, makes this unnecessary.

There appears to be nothing to show that section 272 of the Code of Criminal Procedure has not been complied with. There is nothing before the court to show that the provisions of subdivision 2 of section 313 of the Code of Criminal Procedure have been violated. Rudolph F. Diedling, a member of the "state commission of prisons," had full power and authority to visit and inspect the institution, and also to cause attendance of witnesses, and administer oath to such witnesses, and examine such persons under oath. Sections 45 and 47 of article 3 of the Prison Law, being chapter 43 of the Consolidated Laws, and chapter 47 of the Laws of 1909.

Motion denied.