Cohn, J.
Appeal by the People from an order of the Supreme Court, New York County, made pursuant to article 78 of the Civil Practice Act vacating an order of the Court of General Sessions which adjudged petitioner guilty of criminal contempt of court and which sentenced him to thirty days in the city prison and to pay a fine of $250.
*360 In the month of October, 1945, and prior thereto, a grand jury of New York County was conducting a “ John Doe ” investigation into suspected crimes of grand larceny. Financial transactions between a business agent of an electrical workers’ union and certain persons and firms engaged in the electrical supply business in this city were involved in the inquiry. The business agent had dealings with Anthony J. Corrado who had been a co-owner and director of petitioner’s corporation, then known as “ Manning Corrado, Inc.” This concern was located in the county of New York. The examination of Corrado and of his personal books having been completed, the People sought to pursue their inquiry by an inspection of the records of the corporation through which he had been operating. To that end, on October 23, 1945, a subpoena duces tecum was issued by the District Attorney of New York County to Charles E. Manning, President of Manning Electric, Inc. The latter corporation was successor to Manning Corrado, Inc. The subpoena required the corporation to produce specified books and records before the Grand Jury of the County of New York on October 25th in connection with the criminal proceeding then pending.
On the return day petitioner, as president of the corporation, appeared before the grand jury and advised it that the books and records called for had not been produced because the subpoena duces tecum was too sweeping in scope and oppressive in effect. After an informal conference had been held before appellant, a judge of the Court of General Sessions, in an attempt to reach an understanding as to what specific books and records of Manning Electric, Inc., petitioner should be compelled to produce, the latter made a formal motion for an order vacating or modifying the subpoena duces tecum upon the ground that the production of the books and records was not shown to be relevant to the inquiry. The motion was denied by a resettled order dated December 6, 1945, under the terms of which petitioner was required to appear before the grand jury on the following day and bring all the books and records enumerated in "the original subpoena, save that the then current records for 1945 were not to be produced immediately.
On December 7, 1945, petitioner again appeared before the grand jury and informed that body that he had not brought the documents required by the subpoena for the reasons theretofore urged, and that the materiality and relevancy of all of the records sought, by such subpoena had not been shown. Appellant then granted a motion of the District Attorney to punish petitioner for criminal contempt of court for failure *361 to comply with the subpoena duces tecum dated October 23, 1945, and the resettled order of the appellant judge of the Court of General Sessions dated December 6, 1945.
An application was then made to the Supreme Court to vacate the order of the Court of General Sessions. In granting the motion, the Special Term held that there was nothing before the court except the bare conclusion of the Assistant District Attorney in charge of the investigation on which to base an intelligent estimate “ that substantially all the books and records of the corporation for a period of three years were relevant to- the pending investigation by the Grand Jury of the conduct of a third person.” From the order annulling his determination, appellant takes this appeal.
We think that the learned justice at the Special Term erred in vacating the order adjudging petitioner guilty of criminal contempt.
The acts which may constitute criminal contempt are set forth in section 750 of the Judiciary Law. Included is “ 3. Wilful disobedience to its [the court’s] lawful mandate.” A subpoena duces tecum issued by the District Attorney directing the production before the grand jury of books and papers of a corporation is. a mandate of the court and its disobedience may be punished as a criminal contempt. (People ex rel. Drake v. Andrews, 197 N. Y. 53; Matter of Spector v. Allen, 281 N. Y. 251, 259. ) The grand jury is an arm of the court. Its subpoenas are presumptively valid and can only be challenged by an aErmative showing of impropriety: The People are not required to make public disclosure of the purpose of the inquiry in order to obtain compliance with its mandates. No witness may avoid obedience to the directions of the court without establishing by concrete evidence that the subpoena was issued in bad faith or that it is for some other reason invalid. These rules inhere in the very nature of the grand jury’s functions and of its authority. (Matter of Greenleaf, 176 Misc. 566, 569, determination confirmed, sub nom. Matter of Greenleaf v. Goldstein, 266 App. Div. 658, affd. 291 N. Y. 690.) Nor may petitioner refuse to produce documents and records under a subpoena duces tecum unless he can show that the documents are so unrelated to the subject of inquiry as to make it obvious that their production would be futile as an aid to the court. (State Educational System [Teachers Union], 285 N. Y. 1, 9.)
Where, as here, the documents sought are not produced before the grand jury because of alleged irrelevancy, the court is called upon to determine the question as to whether the claim is valid. *362 (Matter of Spector v. Allen, 281 N. Y. 251, 258, supra; Matter of Archer, 134 Mich. 408 ; 38 C. J. S., Grand Juries, § 41, p. 1052; Edwards, The Grand Jury, p. 133). Evidence before appellant, in our view, fully sustains his ruling that the records subpoenaed were relevant. In the petition of Manning Electric, Inc., sworn to by petitioner, Charles E. Manning as its president, which was submitted to appellant in support of the motion to set aside the subpoena duces tecum for alleged irrelevancy, it is there stated by petitioner that the District Attorney was investigating the conduct of a business agent for an electrical workers’ union; that Anthony J. Corrado, formerly an officer, director and stockholder of Manning Corrado, Inc., was being questioned about certain transactions between the corporation and the named business agent of the union; and that the proceeding was directed against the latter in connection with his activities as business agent. On the face of these averments it is apparent that petitioner knew the object of the investigation. It is equally clear that the inquiry was being made by the grand jury into alleged crimes committed in the county and that in the due exercise of its constitutional and statutory functions it wished to present evidence to the court. No further proof of relevance was necessary. There was no showing that the inquiry by the grand jury was being conducted in bad faith or for an ulterior purpose. Accordingly, there could be no interference with its usual processes. (Matter of Blach, 47 F. 2d 542, 544.)
Even in those situations where-there must be a ruling by the court on relevency in advance of a citation for contempt, every recalcitrant witness is not entitled to have the investigation halted at the “ threshold ” to permit “ forecasts of the testimony and nicely balanced arguments as to its probable importance.” (Matter of Edge Ho Holding Corp., 256 N. Y. 374, 381, 382.) Relevancy is not a matter of degree. Any circumstance permitting “ intelligent estimate ” of relevancy is sufficient to support a direction that the subpoena’s mandate be obeyed (People v. “ John Doe ” [Byk], 247 App. Div. 324, 326, affd. 272 N. Y. 473; see Matter of Spector v. Allen, 281 N. Y. 251, 258, supra).
The New York State Constitution now provides that the power of grand juries to find indictments shall never be suspended or impaired (art. I, § 6). By statute “ The grand jury has power, and it is their duty, to inquire into all crimes committed or triable in the county, and to present them to the court.” (Code Crim. Pro., § 252.) This section is merely *363 declaratory of the common law (People v. McCarthy, 59 App. Div. 231, 233, affd. 168 N. Y. 549; People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 391). It has long been recognized that a grand jury has full power to make an investigation or to conduct an inquisition upon its own initiative and to present, by indictment, any person charged with crime. This is so whether there has been a preliminary arrest or examination or not. (People ex rel. Hummel v. Davy, 105 App. Div. 598, 601, affd. 184 N. Y. 30; Code Crim. Pro., § 259.) In the Livingston case (supra) in referring to the powers of a grand jury, the Court of Appeals said (pp. 391-392): “ The rule, as to grand juries has always been different in this country for they are clothed by the common law with inquisitorial powers and, of their own motion, may make full investigation to see whether a crime has been committed, and if so, who committed it. They may investigate on their own knowledge, or upon information of any kind derived from any source deemed reliable ; may swear witnesses generally and may originate charges against those believed to have violated the criminal laws.” It has been authoritatively stated that the grand jury may even act on rumor or suspicion. (People ex rel. Travis v. Knott, 204 App. Div. 379, 383.)
Petitioner, it is true offered to produce any records which were limited to specific transactions had with any individual or corporation. He asserted that to permit the district attorney to require the production of all books and records set forth in the subpoena duces tecum would paralyze petitioner’s business and would reveal to persons having no interest in petitioner’s business the names of customers and its business secrets. No question of immunity was raised by petitioner. As to the claim of hardship, the subpoena, as modified by the court, directed the petitioner to produce particular corporate records for the calendar years 1942-1944. These related almost entirely to closed transactions and their production could not cripple or paralyze the business of the corporation. A witness is hot entitled to set limits to the investigation that the grand jury may conduct. (Blair v. United States, 250 U. S. 273, 282; United States v. McGovern, 60 F. 2d 880, 889, certiorari denied, McGovern v. United States, 287 U. S. 650.) Nor is there here any suggestion of indefiniteness of the terms of the subpoena for the petitioner admitted that he could readily identify each and every corporate book demanded. The intimation that the business secrets of petitioner would be revealed to persons having no interest in petitioner’s business is without merit. *364 “ The secrecy of the grand jury prevents injury to reputations from roving investigations, and no indictment may be found except on evidence which, unexplained or uncontradicted, is sufficient to warrant a conviction by a trial jury.” (Matter of Both, 200 App. Div. 423, 426; see Code Crim. Pro., § 258.)
, The grand jury desired to examine the petitioner’s corporate books for the purpose of ferreting out evidence of hidden financial transactions between Cerrado, a former officer and director of the corporation, and the named union business agent. The subpoena was not broader in scope than was essential to the grand jury’s investigation. Petitioner accordingly was obliged to obey its command, no matter how inconvenient such obedience might be. Every man owes a duty to society to give evidence when called upon to do so. This rule applies particularly to a criminal prosecution.
Petitioner was afforded every reasonable opportunity to comply with the subpoena duces tecum duly served upon him, but he refused to do so even after the court had determined the relevancy of the documents subpoenaed. His conduct constituted a willful disobedience to a lawful mandate of the court and he was, after a hearing, properly adjudged guilty of a criminal contempt.
The order annulling the determination adjudging the petitioner in contempt should be reversed, the determination of the Court of General Sessions should be confirmed, and the petition should be dismissed.
Callahan, Peck and Van Voorhis, JJ., concur.
Order annulling the determination adjudging the petitioner in contempt unanimously reversed, the determination of the Court of General Sessions confirmed and the petition dismissed.
Settle order on notice.