WILLIAM J. HILL et al., as Executors, etc., Respondents, *v.* CHARLES L. WOOLSEY et al., Appellants.

In an action against sureties for the tenants upon a lease of certain hotel property, brought by McD., the landlord, but continued after his decease by his executors, the defense was that defendants were induced to become sureties by reason of certain false and fraudulent representations made by decedent to them. On the trial defendants proved that when the tenants came to defendant W. and asked him to become a surety, he requested them to go to McD. and make certain inquiries as to the business done at the hotel, so that he might judge as to the propriety of his consenting to become a surety; that they went with another of the sureties and a third person and that McD. made to them the representations set forth in the answer. Defendant W. and one of the tenants were then called as witnesses for the defense and were asked as to what was said to W. on the tenant's return from the interview with McD. This was objected to and excluded as incompetent under the Code of Civil Procedure (§ 829.) *Held*, error; that, conceding the testimony was incompetent to prove what representations were, in fact, made by McD., as defendants were bound to prove, in addition to this, that the representations were communicated to them and that they were thereby induced to become sureties, having proved by a competent witness what repre-

sentations were made, it was competent to prove by the witnesses called that they were communicated to W.; that this was not a personal conversation with deceased.

*Hill* v. *Woolsey* (42 Hun, 481), reversed.

(Argued March 26, 1889; decided April 16, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 14, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*William J. Gaynor* for appellants.    The proposed testimony of Woolsey was not to prove "a personal transaction or communication" between him and the deceased plaintiff; it was only to prove the fact that such a communication was made and should have been received.    (*Robbins* v. *Richards*, 2 Bosw. 248; 1 Greenl. on Ev. §§ 100, 101; *Wadsworth* v *Heermans*, 85 N. Y. 638; *Potts* v. *Mayer*, 86 id. 302; Code of Civ. Pro. §§ 828, 829; Alb. L. Jour. [Jan. 5, 1889] 5; *Pinney* v. *Orth*, 88 N. Y. 447–451.)

*Nathaniel C. Moak* for respondents.    Although Wise might be so far Woolsey's agent that, as such merely, he might be allowed to testify, yet, as he also embodied the additional or dual character of a party, a principal to the hiring, if his character as agent of Woolsey would not prevent his testifying, his character as a principal and party to the hiring would.    (*In re Hopkins*, 6 N. Y. State Rep. 390, 392; 43 Hun, 637.) The true test of the interest of a witness is, that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action.    (*Hobart* v. *Hobart*, 62 N. Y. 83; *Miller* v. *Montgomery*, 78 id. 282, 285; *Wilcox* v. *Smith*, 26 Barb. 316; *Church* v. *Howard*, 79 N. Y. 415, 420; *Hill* v. *Hotchkin*, 23 Hun, 414; *Lawton* v. *Sayles*, 40 id. 252, 255; *Redfield* v. *Redfield*, 110 N. Y. 671, 674.)    A principal debtor is bound by an adjudication in a suit against his surety if he

had notice thereof. (*Craig* v. *Ward*, 31 Barb. 383 ; *Delaware Bank* v. *Jarvis*, 20 N. Y. 227 ; *Castle* v. *Noyes*, 14 id. 332, 335 ; 2 Greenl. on Ev. § 116.) And he has a sufficient notice thereof to bind him if he .be sworn on the trial thereof as a witness. (*Barney* v. *Dewey*, 13 Johns. 224, 226 ; *Brewster* v. *Countryman*, 12 Wend. 450 ; *Howe* v. *Buffalo*, 38 Barb. 126 ; *Chicago* v. *Robbins*, 2 Black [U. S.] 418, 423 ; *Robbins* v. *Chicago*, 4 Wall. 657, 672–675.) The question put to Skinner, " Before you signed as surety were the representations communicated to you ? " was properly excluded. ( *Williams* v. *Davis*, 7 Civ. Pro. 282 ; *Bristol* v. *Sears*, 3 id. 330, 331.)

PECKHAM, J. This action was brought by plaintiffs' decedent (who died prior to the trial), to recover the amount alleged to be due him for rent on a lease of a hotel which he had leased to two men named Wise and Carpenter, and for the payment of the rent of which premises the defendants became sureties. The defendants answered the complaint and alleged that the plaintiffs' decedent had induced them to sign as sureties for the tenants by reason of certain false and fraudulent representations made to them by him, and that as soon as the fraud and the falsity of the representations were discovered the possession of the premises which had .been taken by the tenants was tendered and delivered up to him. Upon the trial it appeared that the tenants came to one of the defendants (Woolsey), and asked him to become one of the sureties on the lease. He asked them to go to the plaintiffs' decedent and make certain inquiries of him as to the business done at the hotel the year previous, so that he might judge therefrom of the propriety of his consenting to go on as one of such sureties. They then went in company with a man named Douglass and with another of the proposed sureties on the lease, and saw the plaintiffs' decedent and asked him the questions they were directed to ask by Woolsey. The conversation that then took place between them upon the subject, which they were instructed by Woolsey to

inquire concerning, was proved by the witness Douglass, and was of the tenor and effect alleged in the defendants' answer. The tenants after the conclusion of the conversation came back to see defendant Woolsey, and he and one of the tenants were sworn on the trial and were asked what was said to Woolsey upon the tenants' return from the interview with the plaintiffs' decedent. This was objected to by counsel for plaintiffs on the ground that the death of McDonald, rendered such evidence inadmissible under section 829 of the Code; the objection was held valid, the court holding that the persons sent by Woolsey to get the facts from McDonald were the agents of Woolsey, and when they came back to report the conversation it was just as much a personal conversation as if Woolsey had had it himself. We think the learned judge erred in excluding the evidence. It may be assumed, without deciding, that the evidence was incompetent for the purpose of proving or attempting to prove what representations or statements were, in fact, made by McDonald. But the defendants, in order to make out their defense, had to prove several facts, and each fact was a separate and material one for such defense. The defendants had to prove that certain representations were made by McDonald for the purpose of being communicated to them, and to induce them to become sureties; that such representations were communicated to them; that they were thereby induced to sign the undertaking of suretyship; that they were false and known so to be by the party uttering them, and that defendants would sustain damages thereby if held upon the undertaking thus fraudulently procured. All of these facts were of such a nature that they could ordinarily be proved by one or any number of witnesses cognizant of the facts. For the purpose of proving what the representations were, and that they were made to be repeated to defendants, the witness Douglass was called and swore to them plainly and fully. For the purpose of proving the knowledge of the defendants the offer was made to prove what it was that the tenants told Woolsey upon their return from the interview with McDonald.

We think it was competent for the purpose of showing Woolsey's knowledge. If, when the evidence was given, it then appeared that what Woolsey was told was not the same in substance as Douglass testified that McDonald had said, then the defendants would have failed in showing any knowledge on their part of any representations made by McDonald, and they would, consequently, have failed in their defense. On the contrary, if what the tenants said to Woolsey agreed with what Douglass proved was said by McDonald, then the separate and distinct fact of knowledge on the part of Woolsey, of such representations, would have been proved, and the further fact that he was induced, by reason of a knowledge of such representations, to sign the undertaking as one of the sureties on the lease, might have been proved by the evidence of Woolsey himself. Suppose Douglass alone had heard McDonald's representations, but had not informed the defendants personally in regard thereto, and had repeated to a third party what had been said by McDonald, and the third party had come to defendant Woolsey, would it not have been proper to prove by the third party what it was that he told Woolsey; and if it thus appeared that he told Woolsey exactly what McDonald had told Douglass, would not such evidence have been proper? It would have been no proof whatever of what McDonald had, in truth, told Douglass, but if Douglass proved what McDonald did tell him, and if the third party told Woolsey just what McDonald had told Douglass, there would then have been evidence as to what representations were, in truth, made, and their purpose, and also evidence as to the knowledge of Woolsey in reference to them.

We think the evidence was admissible in the present case for just that purpose, even though testified to by a witness who was not competent to prove, as an original fact, what McDonald had said. Upon this ground the evidence was improperly excluded, and the consequent direction of a verdict for the plaintiffs was also error.

The judgments of the courts below should, therefore, be reversed, and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.