## Court of General Sessions—New York County.

### May, 1897.

### PEOPLE v. FRANK FARRELL.

**1. INDICTMENT—SAME OFFENSE.**

> Where two indictments are based on the same alleged crime, the second necessarily supersedes the first. ·

**2. SAME—QUASHING.**

> Where the direction contained in section 256 of the Criminal Code has, through inadvertence or otherwise, been disregarded by the grand jury, the testimony has been offered and received which would not be competent or material or legal in the trial of a case, the court will not interfere with the finding, if, apart from such evidence, there is enough to sustain the indictment, unless it is clearly manifest from the minutes that the illegal evidence received had influenced the minds of the jury and had brought about an indictment insufficiently supported by other and admissible evidence.

Motion to quash the indictments.

O'Hare & Dinean, for the motion.

John D. Lindsay, opposed.

McMAHON, J.—The defendant was indicted January 15, 1897, and again January 29, 1897, for murder in the first degree, charged with the killing of the child, Mamie Cunningham, on the 30th day of May, 1896. This motion is brought in his behalf to quash both indictments. As both are based on the same alleged crime, the second necessarily supersedes the first, and the motion to quash is therefore granted as to the indictment found January 15, 1897. As to the second indictment, the objections presented

by the counsel for the defense relates chiefly to the insufficiency of the evidence produced before the grand jury, and to the claim that testimony which was not "legal evidence" was admitted, in violation of section 256 of the Code of Criminal Procedure. If the direction contained in this section had, through inadvertence or otherwise, been disregarded by the grand jury, and testimony had been offered and received which would not been competent or material or legal in the trial of a case, still if, apart from such evidence, there is enough to sustain the indictment, the court should not interfere with the finding, unless it is clearly manifest from the minutes that the illegal evidence received had influenced the minds of the jurors, and had brought about an indictment insufficiently supported by other and admissible testimony. A prima facie case, supported by competent and proper evidence, is sufficient for the indictment, even though there may be other proof not produced before the grand jury which would strengthen the case, if presented. If competent and irrelevant and even clearly illegal evidence had been received, yet if it was of such a nature that it could not possibly affect the minds of the grand jurors in coming to a conclusion on the facts otherwise presented, and which they deem sufficient, it seems to me the indictment should stand. Against this view the learned counsel for the defendant has cited section 258 of the Code of Criminal Procedure, which requires that "the grand jury ought to find an indictment, when all the evidence before them, taken together, is such as, in their judgment, would, if unexplained or uncontradicted, warrant a conviction by the trial jury." The direction contained in this provision, as to what the grand jury ought to do under certain circumstances, does not impose upon the court the duty, or even confer the right, to review their action, or criticise their judgment when they have failed to find an indictment.

In the case under consideration there was evidence that a crime had been committed; that the child, Mamie Cunningham, came to her death by violence, on the day mentioned in the indictment, between the hours of 11 and 2 o'clock in the daytime; that the defendant was the last person known to be with her; and, at about the time when she was last seen alive, testimony was given as to his presence on the premises, and as to his conduct after-

wards, and as to other matters touching his relations with the dead girl, and his opportunities to commit the crime. Whether these circumstances and this testimony would or would not be sufficient to secure a conviction before a trial jury, if unexplained or uncontradicted, is, by the very section referred to, left to the judgment of the grand jury; and their judgment should not be lightly disturbed. This is especially true where, as in the present case, it appears by the minutes that additional testimony could be produced to strengthen the case before the trial jury.

The motion to quash the indictment found January 29, 1897, is denied.

Ordered accordingly.