(47 App. Div. 209.)

### PEOPLE v. RUTHERFORD.

(Supreme Court, Appellate Division, Third Department. January 8, 1899.)

1. CRIMINAL LAW—INDICTMENT—MOTION TO VACATE—APPEAL.

Since Code Cr. Proc. § 517, specifying the cases in which an appeal may be taken, is exclusive, and does not authorize an appeal from a motion to set aside an indictment, no appeal will lie from a denial of such motion.

2. SAME.

Code Cr. Proc. §§ 312, 313, having provided that in answer to an indictment the defendant may move to set it aside, which the court must do in case it is not properly indorsed, or in case any person was permitted to be present with the grand jury when the charge in the indictment was considered, but in no other cases, a motion to set aside an indictment on the ground that the evidence before the grand jury was insufficient or improper cannot be considered.

Appeal from Delaware county court.

Walter Rutherford was indicted for forgery, and from an order denying a motion to set aside the indictment on the ground that the evidence before the grand jury was insufficient, and that illegal and improper evidence was admitted, he appeals. Dismissed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and KELLOGG, JJ.

A. B. Gardenier and George W. Youmans, for appellant.

George A. Fisher, Dist. Atty., for the People.

KELLOGG, J. If this court was permitted to examine the grounds of the motion, and base its decision thereon, I think it would have no hesitancy in declaring the motion to be without merits. The chief ground urged as legal error on the part of the grand jury is the listening to testimony of the one witness as to the whole transaction occurring between her and the defendant, had at one time, touching the two notes, for the forging of each of which he was separately indicted. It certainly would not be improper for the same grand jury to indict the same man for two distinct offenses. Having indicted him once, it might with equal force be urged that the second indictment was in some way affected by the first, and that the grand jury was disqualified, as unable to properly withstand the force of the odium resulting from the first indictment. I do not think that it is an invasion of

any of the inalienable rights of the citizen to permit this common practice of hearing all the evidence of a single witness, when before the grand jury, bearing in a legal way upon any crime for which a person is sought to be indicted.

This appeal, however, must be dismissed because it is improperly brought. There is no authority for such an appeal. The contention of the appellant that the court has an inherent right to entertain it cannot be entertained. No person has a constitutional right to appeal, and no court has an inherent right to entertain an appeal. The right, if it exists, and in all cases where it does exist, is simply the continuance of an existing practice by the constitution, subject to the legislative right to curtail or abolish it, or it must be founded in some statute. The Criminal Code (section 517) provides in what cases an appeal may be taken, and what matter may be reviewed on appeal; and that must be taken as exclusive of all other forms of appeal, or matter to be reviewed. People v. Petrea, 30 Hun, 102, affirmed in 92 N. Y. 129.

The general term in the Fourth department held in Ostrander v. People, 29 Hun, 519:

"There is no provision in the Code of Criminal Procedure authorizing such an appeal as the one before us."

This was an appeal from an order not covered by section 517.

The general term in the Third department, in People v. Beckwith, 42 Hun, 368, said:

"An appeal, if it lies at all, must be authorized by the provisions of that Code."

The appellate division in the First department, in People v. Dunn, 31 App. Div. 145, 52 N. Y. Supp. 968, said:

"The only other point made by the defendants is that the act deprives them of an appeal from the decision of the trial court upon their challenges. There is nothing in this point. The right of appeal is not guarantied by the constitution. That is a matter entirely within the legislative judgment."

The court of appeals, in the same case (157 N. Y. 539, 52 N. E. 572), said:

"As to the objection that the right to appeal from the rulings of the trial court upon challenges is taken away, the opinion below has sufficiently answered it, in holding that no right of appeal is guarantied by the constitution, and that such a right is entirely within the legislative judgment."

In People v. Lyons (Sup.) 2 N. Y. Supp. 604, Patterson, J., says:

"There is no difference in principle in taking away the right of appeal in a civil case and in a criminal case, unless the right of appeal in a criminal case comes within the general jurisdiction of the supreme court. I am thoroughly satisfied that such right of appeal in criminal cases was not within the general jurisdiction of the supreme court."

There is another feature of this case, which is argued at some length, and which, considering a growing practice in criminal cases, may be of some service to consider.

Section 312 of the Code of Criminal Procedure provides as follows:

"In answer to the indictment the defendant may either move the court to set the same aside, or may demur or plead thereto."

Section 313 provides:

"The indictment must be set aside by the court in which the defendant is arraigned and upon his motion, in either of the following cases but in no other:

"First. When it is not found, endorsed and presented as prescribed in sections two hundred and sixty-eight and two hundred and seventy-two.

"Second. When a person has been permitted to be present during the session of a grand jury, while the charge embraced in the indictment was under consideration, except as provided in sections two hundred and sixty-two, two hundred and sixty-three, and two hundred and sixty-four."

The words at the end of the first paragraph of section 313, "but in no other," were added by an act of the legislature which went into effect May, 1897. Prior to this amendment it appears to have become a very general practice in the special terms of the supreme court to regard this section as not exclusive, as to the grounds upon which a motion to set aside an indictment could be entertained. The reasons for so holding were not uniform. I have sought diligently, however, and have been unable to find that any of the learned judges at special term state as a reason that any constitutional right of the accused was or would be invaded, by holding that these were the only grounds upon which such a motion could be based. None of them claim that the legislature had not the power to make these grounds exclusive of all others. None of them claim any inherent power in the supreme court, through the constitution or otherwise, not subject to the judgment of the legislature. It would be tedious and unprofitable to go over the reasons given. It seems to me, however, that if there was room before this amendment for the courts to assert that the legislature did not mean to exclude all other grounds for such a motion, using the language in the two sections as written before the amendment of 1897, the amendment makes the meaning plain. If the legislature has power to prescribe a practice in criminal procedure which must be regarded by the courts, and which must be taken as exclusive of any practice the courts may seek to adopt in conflict with it, then I see no escape from the conclusion that, on a motion to set aside an indictment, no other grounds than those specified can be considered. Nor have I any doubt as to the power of the legislature in the premises. The whole subject, it seems to me, is one for its judgment. There are no constitutional restrictions to be considered. The constitutional provision relating to grand juries has no bearing upon the procedure before or after indictment found.

I do not find that the court of appeals or any general term or appellate division has, either before the amendment referred to or since, passed upon the question, except in the case of People v. Petrea, 92 N. Y. 128. Andrews, J., here says:

"The paper filed by defendant was not a plea authorized by the section last mentioned, and the motion to quash or set aside the indictment is not for any cause embraced in section 313. The Code, by defining the causes for which the indictment may be set aside, must, by the general rule of construction, be held to exclude the entertaining of the motion for other causes than those specified."

It is quite possible that the legislature has overlooked the hardship which may be suffered in some cases, in so limiting the grounds

for a motion to set aside an indictment; but that it has not overlooked a growing tendency to secure two trials, and obstructive delays to a trial upon the merits, with consequent long confinement of witnesses in the house of detention, is apparent by the deliberate amendment it inserted in section 313 in 1897, after the practice which had grown up in special terms was fully understood. As the legislature, without doubt, has full power in the premises, any serious hardship which may result can by an act be provided against. I do not think the courts are called upon to legislate upon the subject.

The appeal should be dismissed. All concur.