THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROBERT
   L. MARTIN and HARRY VELTHUSEN, Appellants.   (Action No. 1.)

*Appeal — review of the denial of a motion to quash an indictment — presumption
      that the proof upon which an indictment was found was sufficient.*

It is doubtful whether an order denying a motion to quash an indictment can be
   reviewed by an independent appeal or whether, if the order is appealable at
   all, it must not be brought up for review as an intermediate order on an
   appeal from a judgment of conviction.
The presumption, in the absence of satisfactory proof to the contrary, is that a
   grand jury in finding an indictment acted upon sufficient and competent
   evidence.

APPEAL by the defendants, Robert L. Martin and another, from
an order of the Court of General Sessions of the Peace in and for
the county of New York, entered on the 13th day of October, 1903,
denying the defendants' motion to quash the indictment found
against them in the above-entitled action.

*Franklin Bien,* for the appellants.

*Henry G. Gray,* for the respondent.

PATTERSON, J. :
   This is an appeal from an order of the Court of General Sessions
of the Peace of the county of New York, denying a motion made
by the defendants to quash an indictment found against them, the
grounds of the motion being that the indictment was based upon
illegal evidence received by the grand jury, to the prejudice of the
rights of the defendants and each of them before the grand jury,
and, further, that the legal evidence received by the grand jury was
entirely insufficient to warrant the finding of an indictment against
them or either of them.   The indictment was found in December,
1901.   The defendants demurred thereto, and the demurrer was
sustained in the first instance, but the judgment sustaining it was
reversed by this court in August, 1902, and the judgment entered
upon that reversal was affirmed by the Court of Appeals in June,
1903.   The offense charged against the defendants, and set forth in
the indictment, is that they, as officers of a corporation organized
under the laws of the State of Delaware, had sworn that certain

FIRST DEPARTMENT, NOVEMBER TERM, 1903.　　　[Vol. 87.

facts stated in a certificate required by the laws of the State of Delaware to be filed in the office of the Secretary of State of that State, were true, when in truth and in fact they were untrue to the knowledge of the affiants and that the statements were false in fact. The motion to quash the indictment was made after the demurrer was finally overruled, and was presented to the court upon affidavits, one of them being made by the attorney for the defendants, who, after giving a general statement of the proceedings had upon the indictment, states that he had personal charge on behalf of the defendants of an inquiry before a committing magistrate and that the witnesses examined before the grand jury upon which the indictment was found were the same witnesses examined before the police magistrate and that there was no other or different evidence produced before the grand jury than that before the police magistrate. He also asserts that the original certificate or statement sworn to by the defendants, and upon which the indictment was based, was not before the grand jury, and that "the only testimony that *could* have been produced before the Grand Jury upon which the indictment was found *must have been* the same that was produced before the Magistrate, which was entirely insufficient to warrant the holding of the defendants and entirely insufficient to find an indictment against the defendants or either of them." He further asserts that the grand jury had before them only an alleged certified or exemplified copy and alleged photographic copy of the original certificate sworn to by the defendants and that hence there was not evidence sufficient to justify the finding of an indictment.

It is doubtful, to say the least, whether the order denying the motion to quash the indictment can be reviewed by an independent appeal (*People v. Petrea,* 30 Hun, 98; *Ostrander* v. *People,* 29 id. 513; *People* v. *Beckwith,* 42 id. 366; *People* v. *Hovey,* 30 id. 354; *People* v. *Rutherford,* 47 App. Div. 209; *People* v. *Trezza,* 128 N. Y. 529), or whether, if the order is appealable at all, it must not be brought up for review as an intermediate order on an appeal from a judgment of conviction. It is not necessary, however, to decide that question now, for the affidavits, even if an appeal lies, were entirely insufficient to justify the granting of the application. The assertion that the evidence before the grand jury who found the indictment was none other than that which was produced before

the police magistrate is only an assumption. It is a conclusion drawn from what the affiant conceives to have been the situation before the grand jury. He was not acquainted with what took place in the grand jury room; he did not attend there and could not have known what evidence was placed before that body. It appears by the affidavits of Mr. Scheuerman, the assistant district attorney, and Mr. Byrne that there was a great mass of evidence taken by the grand jury not referred to in the affidavits, not only respecting the admissions of the defendants concerning the due execution of the false certificate, but various other matters. There is no legal proof presented on this motion of what evidence was before the grand jury, and the presumption is that they acted upon sufficient and competent evidence. As said in *People* v. *Glen* (173 N. Y. 395) the presumption is that an indictment is based upon legal and sufficient evidence until there is satisfactory proof to the contrary. That proof is not furnished simply by an argument contained in an attorney's affidavit that because insufficient evidence was presented to a police magistrate, other and sufficient evidence was not presented to the grand jury. But even if there were force in the argument in connection with certain circumstances stated in the attorney's affidavit, it could avail nothing here, because it has been decided on habeas corpus proceedings, sued out by these defendants, that the evidence before the police magistrate was sufficient to hold the defendants upon the charge made against them.

There is nothing in the affidavits used upon this motion sufficient to overcome the presumption as to the regularity of the indictment and the sufficiency of the evidence upon which it was found, and the order appealed from should be affirmed.

VAN BRUNT, P. J., O'BRIEN, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Order affirmed.