### PEOPLE v. MARTIN et al.

(Supreme Court, Appellate Division, First Department.  November 20, 1903.)

1. INDICTMENT—PRESUMPTION OF SUFFICIENCY AND LEGALITY OF EVIDENCE—CONTRADICTORY PROOF—SUFFICIENCY.

On motion to quash an indictment the affidavit of defendant's attorney averred that the affiant had charge, on behalf of the accused, of an inquiry before a committing magistrate; that the witnesses examined before the grand jury on which the indictment was found were the same witnesses examined before the magistrate; that there was no other evidence before the grand jury than that before the magistrate, which was insufficient on which to found an indictment.  *Held*, that these averments were mere conclusions drawn from what the affiant conceived to have been the situation before the grand jury, he not being acquainted with what took place in the jury room, and were insufficient to overcome the presumption that the indictment was on legal and sufficient evidence, where the affidavits in opposition alleged that there was additional evidence.

2. SAME—SUFFICIENCY OF EVIDENCE—DECISION ON HABEAS CORPUS—EFFECT ON MOTION TO QUASH.

Where, on habeas corpus proceedings sued out by an accused, it was decided that the evidence before the committing magistrate was sufficient to hold him on the charge made, the claim that the indictment should be quashed because the evidence before the grand jury, which was based on the same evidence as that given before the magistrate, was insufficient on which to found it, was unavailing.

Appeal from Court of General Sessions, New York County.

Robert L. Martin and another were indicted for perjury.   From an order denying a motion to quash the indictment, defendants appeal.   Affirmed.

See 79 N. Y. Supp. 340, 1141.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Franklin Bien, for appellants.
Henry G. Gray, for respondent.

PATTERSON, J.   This is an appeal from an order of the court of general sessions of the peace of the county of New York, denying a motion made by the defendants to quash an indictment found against them, the grounds of the motion being that the indictment

was based upon illegal evidence received by the grand jury, to the prejudice of the rights of the defendants, and each of them, before the grand jury; and, further, that the legal evidence received by the grand jury was entirely insufficient to warrant the finding of an indictment against them, or either of them. The indictment was found in December, 1901. The defendants demurred thereto, and the demurrer was sustained in the first instance, but the judgment sustaining it was reversed by this court in August, 1902, and the judgment entered upon that reversal was affirmed by the Court of Appeals in June, 1903, 67 N. E. 589. The offense charged against the defendants and set forth in the indictment is that they, as officers of a corporation organized under the laws of the state of Delaware, had sworn that certain facts stated in a certificate required by the laws of the state of Delaware to be filed in the office of the Secretary of State of that state were true, when in truth and in fact they were untrue to the knowledge of the affiants, and that the statements were false in fact. The motion to quash the indictment was made after the demurrer was finally overruled, and was presented to the court upon affidavits, one of them being made by the attorney for the defendants, who, after giving a general statement of the proceedings had upon the indictment, states that he had personal charge on behalf of the defendants of an inquiry before a committing magistrate, and that the witnesses examined before the grand jury upon which the indictment was found, were the same witnesses examined before the police magistrate, and that there was no other or different evidence produced before the grand jury than that before the police magistrate. He also asserts that the original certificate or statement sworn to by the defendants, and upon which the indictment was based, was not before the grand jury, and that "the only testimony that could have been produced before the grand jury upon which the indictment was found must have been the same that was produced before the magistrate, which was entirely insufficient to warrant the holding of the defendants and entirely insufficient to find an indictment against the defendants, or either of them." He further asserts that the grand jury had before them only an alleged certified or exemplified copy and alleged photographic copy of the original certificate sworn to by the defendants, and that hence there was not evidence sufficient to justify the finding of an indictment.

It is doubtful, to say the least, whether the order denying the motion to quash the indictment can be reviewed by an independent appeal (People v. Petrea, 30 Hun, 98; People v. Ostrander, 29 Hun, 513; People v. Beckwith, 42 Hun, 366; People v. Hovey, 30 Hun, 354; People v. Rutherford, 47 App. Div. 209, 62 N. Y. Supp. 224; People v. Trezza, 128 N. Y. 529, 28 N. E. 533) or whether, if the order is appealable at all, it must not be brought up for review as an intermediate order on an appeal from a judgment of conviction. It is not necessary, however, to decide that question now, for the affidavits, even if an appeal lies, were entirely insufficient to justify the granting of the application. The assertion that the evidence before the grand jury who found the indictment was none other than that which was produced before the police magistrate is only an assump-

tion. It is a conclusion drawn from what the affiant conceives to have been the situation before the grand jury. He was not acquainted with what took place in the grand jury room. He did not attend there, and could not have known what evidence was placed before that body. It appears by the affidavits of Mr. Scheuerman, the assistant district attorney, and Mr. Byrne, that there was a great mass of evidence taken by the grand jury not referred to in the affidavits, not only respecting the admissions of the defendants concerning the due execution of the false certificate, but various other matters. There is no legal proof presented on this motion of what evidence was before the grand jury, and the presumption is that they acted upon sufficient and competent evidence. As said in People v. Glen, 173 N. Y. 399, 66 N. E. 112, the presumption is that an indictment is based upon legal and sufficient evidence until there is satisfactory proof to the contrary. That proof is not furnished simply by an argument contained in an attorney's affidavit that, because insufficient evidence was presented to a police magistrate, other and sufficient evidence was not presented to the grand jury. But even if there were force in the argument in connection with certain circumstances stated in the attorney's affidavit, it could avail nothing here, because it has been decided on habeas corpus proceedings sued out by these defendants that the evidence before the police magistrate was sufficient to hold the defendants upon the charge made against them.

There is nothing in the affidavits used upon this motion sufficient to overcome the presumption as to the regularity of the indictment and the sufficiency of the evidence upon which it was found, and the order appealed from should be affirmed. All concur.