### PEOPLE v. LAZERSOHN.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1911.)

CRIMINAL LAW (§ 1023*)—APPEALABLE ORDER—REFUSAL TO QUASH INDICTMENT.

An independent appeal will not lie from an order refusing to quash an indictment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2583–2598; Dec. Dig. § 1023.*]

Williams, J., dissenting.

Appeal from Special Term.

An indictment was found against Barney Lazersohn. From an order denying his motion to quash same, he appeals. Appeal dismissed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Wile & Oviatt, for appellant.
Joseph Gilbert, Dist. Atty., for the People.

KRUSE, J. The district attorney moves to dismiss the defendant's appeal from the order denying the motion to quash the indictment upon two grounds: (1) Nonservice of the printed papers; and (2) that the order is not appealable. I think the motion should be granted, upon the ground that an independent appeal will not lie from the order.

Defendant contends that an order denying a motion to quash an indictment is like an order denying a motion to change the place of trial, as regards the right of appeal, and that this court has held that an independent appeal will lie from an order refusing to change the place of trial. This court so held in People v. Jackson, 114 App. Div. 697, 100 N. Y. Supp. 126. It is unnecessary here to repeat the discussion for and against such holding. The question was fully discussed in that case, and settled so far as this court is concerned, and I am not aware that the Court of Appeals has held to the contrary; but that decision is not decisive of the question here. In that case it was held that the only way of reviewing such an order was by an independent appeal therefrom; that it could not be reviewed upon an appeal from a judgment of conviction, under section 517 of the Code of Criminal Procedure, because, as it was said, such an order forms no part of the judgment roll. But the Court of Appeals has held that an order refusing to quash an indictment may be reviewed under section 517, by the Appellate Division, upon an appeal from a judgment of conviction.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

People ex rel. Hummel v. Trial Term, 184 N. Y. 30, 76 N. E. 732. And the Third Department has expressly held that such an appeal as this does not lie. People v. Rutherford, 47 App. Div. 209, 62 N. Y. Supp. 224. That decision has never been overruled, as far as I know. It commends itself to my judgment, and I think we should follow it in this case.

The motion to dismiss the appeal should be granted. All concur, except WILLIAMS, J., who dissents, first, upon the ground that the order is appealable; second, upon the ground that, being appealable, the grand jury minutes having been used on the decision of the motion, and, as shown by the order, considered by the court, and its decision based upon them, defendant is entitled to have those minutes included in the record on appeal to this court.