## PEOPLE v. WOOD.

(Court of General Sessions of the Peace in and for New York County. February 23, 1916.)

1. CRIMINAL LAW ☞627½—TRIAL—INSPECTION OF GRAND JURY MINUTES—DISCRETION OF COURT.

A motion to inspect the minutes of the grand jury must be made in good faith, and the granting thereof is a matter of discretion. The accused is not entitled to an examination of the minutes as a matter of right, nor to put the people's testimony in his hands or to assist his preparation for trial, nor merely because there has been no preliminary examination in the Magistrate's Court, or, merely because the proceeding has commenced before the grand jury. The only purpose for which such motion will be granted is to enable accused to make a motion to set aside the indictment, either for the reasons specified in Code Cr. Proc. § 313, or upon the ground that the constitutional rights of the accused have been invaded, as where the legal evidence received by a grand jury is insufficient to support the indictment, or legal evidence is the sole basis for the indictment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1431, 1434, 1435; Dec. Dig. ☞627½.]

2. CRIMINAL LAW ☞627½—TRIAL—INSPECTION OF GRAND JURY MINUTES—MOTION.

On a motion by accused, under indictment for offering to receive a bribe, to inspect the minutes of the grand jury, to enable him to present it to the court on his motion to dismiss on the ground that the evidence received by the grand jury was insufficient to support the indictment, or that illegal evidence was the sole basis of the indictment, in that it was accomplice testimony, the accused may call to the court's attention the testimony of witnesses at other proceedings up to the time they were called before the grand jury, and a motion showing the testimony of the subsequent grand jury witnesses before a legislative investigating committee relative to the charge made in the indictment showed cause for granting the motion.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1431, 1434, 1435; Dec. Dig. ☞627½.]

3. CRIMINAL LAW ☞742—TESTIMONY OF ACCOMPLICE—QUESTION FOR JURY.

Under Code Cr. Proc. § 399, providing that a conviction cannot be had upon the testimony of an accomplice, unless he is corroborated by such other evidence as tends to connect the accused with the commission of the crime, the court, where there is no conflict in the evidence, or where it is not susceptible of two different constructions, must determine as a matter of law whether a witness is or is not an accomplice; but, where the testimony leaves a question of fact as to the witness' complicity in the crime, that question must be submitted to the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1098, 1138, 1719–1721; Dec. Dig. ☞742.]

4. CRIMINAL LAW ☞507—"PRINCIPAL"—"ACCOMPLICE"—WHAT CONSTITUTES—STATUTE.

Under such provision, and Penal Law (Consol. Laws, c. 40) § 2, defining a principal as a person concerned in the commission of a crime, whether directly committing the criminal act, or aiding or abetting in its commis-

sion, or who directly or indirectly counsels or induces another to commit a crime, an accomplice must be so connected with the crime that at common law he might have been convicted either as a principal or as an accessory before the fact, though his failure to disapprove, or his mere approval of a crime before or after the event, may not of itself be sufficient to constitute him an accomplice, as some act or word of counsel, inducement, or participation must be added to passive acquiescence, so that one could not be made an accomplice from the mere fact that he is asked by another for a bribe, but his conduct subsequent to such offer may indicate that he is or is not an accomplice.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1082–1096; Dec. Dig. ☞507.

For other definitions, see Words and Phrases, First and Second Series, Principal; Assessory.]

5. INDICTMENT AND INFORMATION ☞144—MOTION TO DISMISS—QUESTION.

The precise question presented upon a motion to dismiss is whether the evidence before the grand jury was sufficient to warrant defendant's conviction by a trial jury.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 488; Dec. Dig. ☞144.]

6. CRIMINAL LAW ☞1023—MOTION TO INSPECT MINUTES OF GRAND JURY—REVIEW.

The decision upon a motion to inspect the minutes of the grand jury cannot be reviewed upon an appeal from the order made thereon.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2583–2598; Dec. Dig. ☞1023.]

7. INDICTMENT AND INFORMATION ☞137—DISMISSAL.

An indictment, when presented in due form, imports absolute verity, although it can be set aside at any time when it appears that the evidence before the grand jury was insufficient to sustain it.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 480–487; Dec. Dig. ☞137.]

8. CRIMINAL LAW ☞1134—EVIDENCE BEFORE GRAND JURY—RIGHTS OF ACCUSED.

Practically the only manner in which an accused can take advantage of his legal rights, if the evidence before the grand jury is insufficient to sustain the indictment, is to test the question upon appeal from the final judgment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2587, 2653, 2986–2998, 3056, 3067–3071; Dec. Dig. ☞1134.]

Robert C. Wood was indicted for feloniously offering to receive a bribe, and he moves for an order to inspect the minutes of the grand jury. Motion granted.

John B. Stanchfield and Frank Moss, both of New York City, for the motion.

Edward Swann, Dist. Atty., of New York City, opposed.

WADHAMS, J. [1] Motion is made for an inspection of the minutes of the grand jury. The indictment charges that the defendant Wood "did feloniously ask and offer to receive of and from the said Union Switch & Signal Company and the said Sidney G. Johnson a bribe. * * *" The granting of a motion to inspect the minutes of the grand jury is a matter of discretion, but the discretion is not to

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

be exercised arbitrarily, nor without good reason shown by the moving party.

Certain rules are recognized as governing the application: The defendant is not entitled to an examination of the minutes of the grand jury as a matter of right, nor will the examination be granted, either for the purpose of putting the people's testimony in the hands of the defendant, or of assisting him in preparation for trial. The motion will not be granted merely because there has been no preliminary examination in the Magistrate's Court, or, conversely, merely because the proceeding has commenced before the grand jury. The motion must be made in good faith. There is only one purpose for which a motion to inspect the minutes of the grand jury will be granted, and that is to enable the defendant to make a motion to set aside the indictment, either for the reasons specified in section 313 of the Code of Criminal Procedure or upon the ground that the defendant's constitutional rights have been invaded, as where the legal evidence received by a grand jury is insufficient to support the indictment, or illegal evidence is the sole basis for an indictment. People v. Glen, 173 N. Y. 395, 66 N. E. 112; People v. Sexton, 187 N. Y. 495, 80 N. E. 396, 116 Am. St. Rep. 621. In Matter of Montgomery, 126 App. Div. 72, at page 83, 110 N. Y. Supp. 793, 801 (appeal dismissed 193 N. Y. 659, 87 N. E. 1123), Mr. Justice Clarke succinctly states that the granting of such a motion—

"depends in each case upon the determination by the court to which the application is made that it clearly appears from the papers submitted that such examination is necessary to the defendant to enable him to make and sustain a motion to dismiss the indictment upon the grounds provided in the Code of Criminal Procedure and established by the Court of Appeals, and when it so appears the motion should be granted."

[2] The motion to inspect is made for the purpose of enabling the defendant to make a motion to dismiss the indictment, made upon the grounds referred to as established by the Court of Appeals, namely, that the evidence received by the grand jury was insufficient to support the indictment or that illegal evidence is the sole basis for the indictment. The moving papers set forth the investigations which have been made with respect to the occupations of the several witnesses called before the grand jury and their knowledge relative to the subject-matter of the indictment, and show to the court, as far as it is possible to do so without an inspection of the minutes of the grand jury, what the testimony of such witnesses was, or, as the defendant contends, must have been, before the grand jury. In support of this contention the defendant has presented to the court the testimony of certain of the grand jury witnesses, given before a legislative investigating committee, relative to the charge made in the indictment.

It is contended by the district attorney that there is no presumption that the testimony given by the witnesses before the grand jury was the same which they gave before the legislative investigating committee (citing People v. Martin, 87 App. Div. 487, 84 N. Y. Supp. 823, and People v. Sweeney, 213 N. Y. 37, 106 N. E. 913), and that the court must assume that the evidence before the grand jury was sufficient to

support the indictment. In the Martin Case,. the defendant made a motion to dismiss the indictment, based upon affidavits setting forth that the same witnesses had been called before the grand jury who had testified in the Magistrate's Court, and the court said:

"The assertion that the evidence before the grand jury who found the indictment was none other than that which was produced before the police magistrate is only an assumption. It is a conclusion drawn from what the affiant conceives to have been the situation before the grand jury. He was not acquainted with what took place in the grand jury room. * * * There is no legal proof presented on this motion of what evidence was before the grand jury, and the presumption is that they acted upon sufficient and competent evidence. As said in People v. Glen, 173 N. Y. 395, 66 N. E. 112, the presumption is that an indictment is based upon legal and sufficient evidence until there is satisfactory proof to the contrary. That proof is not furnished simply by an argument contained in an attorney's affidavit that, because insufficient evidence was presented to a police magistrate, other and sufficient evidence was not presented to the grand jury."

In People v. Sweeney, supra, upon appeal from final judgment, in reviewing the denial of defendant's motions to inspect the minutes of the grand jury and to dismiss the indictment, where the testimony given before the grand jury was not before the court, it was, in effect, held that the evidence must be presumed to be sufficient to sustain the indictment. The court said, at page 45 of 213 N. Y., at page 916 of 106 N. E.:

"The grand jury necessarily decided in this case that the evidence before it, taken together, was such as in its judgment would, if unexplained and uncontradicted, warrant a conviction by the trial jury. If the evidence taken before the grand jury was sufficient, if unexplained and uncontradicted, to warrant the conviction of the defendant by the trial jury, the indictment was properly found. Nothing in the moving affidavits or at the trial shows what testimony was received by the grand jury, other than as shown in the indictment. It rests in assumption. People v. Martin, 87 App. Div. 487, 84 N. Y. Supp. 823. It has nowhere appeared that the evidence before the grand jury showed that the witnesses who gave evidence before them, and all of them, were accomplices, or that the indictment was not founded upon evidence that, unexplained and uncontradicted, would justify the conviction of the defendants by the trial jury. We are therefore of the opinion that no error was committed by the court in its refusal to dismiss the indictment."

The motions in the cases cited were both motions to dismiss, and were made without an inspection of the minutes. The motion in this case is to obtain a copy of the minutes of the grand jury to present to the court on the motion to dismiss. Neither of the cases cited is an authority for the proposition that a defendant, upon making an application for an inspection of the minutes of the grand jury, may not call to the attention of the court the testimony given by witnesses at other proceedings as pertinent to his application for an inspection of the minutes of the grand jury. He cannot know, without such inspection, what the witnesses testified to before the grand jury; but, as bearing upon his application, he may show to the court what the witnesses have, up to the time of being called before the grand jury, said with respect to the subject-matter of the indictment.

Among the witnesses who were called both before the investigating committee and before the grand jury was Sidney G. Johnson, of whom

it is alleged that the defendant asked and offered to receive a bribe. The defendant contends that the moving papers show to the court that Johnson was an accomplice; that he was the only witness who could have testified before the grand jury as to any transaction with the defendant Wood; and that, therefore, the indictment is based upon insufficient evidence. The district attorney, in opposing the motion, urges that from the moving papers it appears, on the contrary, that Johnson was not an accomplice, and that, therefore, his testimony did not require corroboration.

[3, 4] The Code of Criminal Procedure (section 399) provides:

"A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime."

Where there is no conflict in the evidence, or it is not susceptible of two different constructions, the court must determine as a matter of law whether a witness is or is not an accomplice; but, if the testimony raises a question of fact as to whether a witness is or is not an accomplice of the defendant in the commission of a crime, that question must be submitted to the jury for determination. People v. Sweeney, 213 N. Y. 37, 46, 106 N. E. 913. It is well settled that in order to constitute an accomplice one must be so connected with the crime that at common law he might himself have been convicted either as a principal or as an accessory before the fact. A person concerned in the commission of a crime, whether he directly commits the act constituting the offense or aids and abets in its commission, and a person who directly or indirectly counsels, induces, or procures another to commit a crime is a principal, as defined by section 2 of the penal law and is therefore an accomplice. The failure to disapprove, or the mere approval of a crime after the event, or even before the event, may not of itself be sufficient to constitute one an accomplice. Some act or word of counsel, inducement, encouragement, participation, or procurement must be added to passive acquiescence. It is clear that one cannot be made an accomplice from the mere fact that he is asked by another for a bribe; but his subsequent conduct upon the making of such suggestion may indicate that he is or is not an accomplice. As was stated by Justice McLaughlin in People v. Hyde, 156 App. Div. 618, at page 625, 141 N. Y. Supp. 1089, 1094:

"The person to whom the offer is made, if he rejects it, is clearly not an accomplice."

If, on the other hand, he undertakes negotiations, or by counsel or act furthers the suggestion, with intent to participate in the crime, he would be an accomplice.

From the moving papers it appears that in the examination before the legislative investigating committee it was shown by the testimony of witnesses, who were subsequently called before the grand jury, that Johnson stated to the defendant that he had no authority to act for the company, and later that he was in no position to talk with him, but that he did lay the request, which it is alleged the defendant made,

before the board of directors, and that by reason of his conduct in connection with the transaction he was discharged from the employ of the Union Switch & Signal Company.

[5] The question whether Johnson was or was not an accomplice has been ably debated both upon argument and in briefs submitted by counsel for the defendant and by the district attorney, but this court is not called upon and does not now determine whether Johnson was or was not an accomplice. The precise question presented upon a motion to dismiss is whether the evidence before the grand jury was sufficient to warrant a conviction of the defendant by a trial jury. That question can be determined only after an inspection. It is sufficient to hold that by the affidavits presented the defendant has shown cause, under the established rule, for the granting of the motion to inspect the minutes. I do not construe the Matter of Montgomery, supra, to lay down the rule that on a motion to inspect the defendant must establish by his motion papers, in advance, that he will succeed upon a motion to dismiss; but, as was stated by Justice Clarke, it must clearly appear from the moving papers submitted that the examination is necessary to dismiss the indictment. The motion must be made in good faith, for the purpose of moving to dismiss the indictment, it must be necessary to enable the defendant to make the motion, and it must appear that upon an inspection, if the evidence before the grand jury is as the defendant has shown reasonable grounds to believe it may appear, there would be legal cause upon which to sustain his motion to dismiss the indictment. The defendant upon this application has brought himself within these rules.

[6-8] The decision upon a motion to inspect the minutes of the grand jury cannot be reviewed upon an appeal from the order made thereon, and although the indictment can be set aside at any time when it appears that the evidence before the grand jury was insufficient to sustain it, the indictment, when presented in due form, imports absolute verity. As a practical matter, therefore, the only manner in which a defendant can take advantage of his legal rights, if the evidence before the grand jury is insufficient to sustain the indictment, is to test the question upon appeal from the final judgment. But the sufficiency of the evidence before the grand jury can only be so tested after the granting of a motion to inspect, which discloses the minutes and the determination thereupon of a motion to dismiss.

The moving papers show that there is a question of law as to the sufficiency of the evidence to sustain the indictment, which the defendant is entitled to have determined before going to trial.

Motion granted.