### PEOPLE v. WALBURN.

(Supreme Court, Trial Term, Ontario County. May 23, 1916.)

1. INDICTMENT AND INFORMATION ⊜➡140(2)—MOTION TO DISMISS—EVIDENCE —PRESUMPTION.

Upon hearing of a motion to dismiss an indictment and inspect grand jury minutes, where the papers show that there was other evidence before the grand jury than that of the husband of the accused, claimed to be confidential, it will be presumed that this evidence was competent, and that proof was legal and sufficient to warrant an indictment.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 475; Dec. Dig. ⊜➡140(2).]

2. INDICTMENT AND INFORMATION ⊜➡137(4)—MOTION TO DISMISS—POWER OF COURT.

The power of the court to set aside an indictment is limited to cases specified in Code Cr. Proc. § 313, providing that an indictment may be set aside when not found, indorsed, and presented as prescribed, and when a person has been permitted to be present during the session of the grand jury, while the charge embraced in the indictment was under consideration, and to cases where the indictment is found without evidence, or wholly upon illegal or incompetent evidence, and is unauthorized when the indictment is based only in part upon improper evidence not sufficient to invalidate it.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 483; Dec. Dig. ⊜➡137(4).]

3. INDICTMENT AND INFORMATION ⊜➡140(2)—SUFFICIENCY OF—ACCUSATION— EVIDENCE—PRESUMPTION.

There is no presumption that an indictment charging manslaughter was based upon the evidence taken before the coroner, where other evidence was introduced before the grand jury.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 475; Dec. Dig. ⊜➡140(2).]

Action by the People of the State of New York against Florence Walburn. On motion to dismiss an indictment and inspect grand jury minutes. Motion denied.

N. D. Lapham, Dist. Atty., of Geneva, for the People.
Myron D. Short, of Canandaigua, for defendant.

⊜➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

RODENBECK, J. The defendant is charged by an indictment found by the grand jury of Ontario county, May 5, 1916, with manslaughter in the first degree in connection with the death of an infant child which she had adopted. She pleaded not guilty, subject to the right to change her plea and to make this motion. The motion is based upon the affidavit of her husband who testified to a conversation with his wife, in which she explained to him how the injury to the child occurred. It is claimed that this communication is confidential, under section 2445 of the Penal Law (Consol. Laws, c. 40).

[1] The testimony of the husband is the only evidence which is pointed to as having been presented to the grand jury in violation of defendant's rights. It was not the only evidence, however, presented to the grand jury. Without passing upon its legality, it is sufficient to say that the court is not authorized to set aside an indictment or permit an inspection of the minutes of the grand jury because some improper evidence was presented to the grand jury; but the purpose of a motion such as this is to determine whether or not the defendant had been formally indicted, or illegally indicted contrary to her constitutional rights. The papers upon which this motion is made show that there was other evidence before the grand jury than that of the husband, and there is a presumption that this evidence is competent and legal evidence, and that the proof was sufficient to warrant an indictment. People v. Wood, 93 Misc. Rep. 701, 157 N. Y. Supp. 541. There is no proof that the legal evidence received by the grand jury was not sufficient to support the indictment, while there is a presumption that the indictment was properly found and upon legal and sufficient evidence. People v. Glasser, 60 Misc. Rep. 407, 112 N. Y. Supp. 321; People v. Gassett, 112 N. Y. Supp. 555.

[2] The power of the court to set aside indictments is limited to cases specified in section 313 of the Code of Criminal Procedure, and to cases where the indictment is found without evidence, or wholly upon illegal or incompetent evidence, and is unauthorized where the indictment is based only in part upon improper evidence not sufficient to invalidate it. People v. Steinhardt, 47 Misc. Rep. 252, 93 N. Y. Supp. 1026; People v. Jakeway, 88 Misc. Rep. 124, 151 N. Y. Supp. 651. Where the illegal evidence is the sole basis for the indictment, a motion to dismiss may be granted, but not where there is other legal evidence sufficient to justify the indictment. People v. Sexton, 187 N. Y. 495, 80 N. E. 396, 116 Am. St. Rep. 621; People v. Farrell, 20 Misc. Rep. 213, 45 N. Y. Supp. 911.

[3] There is no presumption that the indictment was based upon the evidence taken before the coroner. People v. Steinhardt, supra. In fact, other and additional evidence not before the coroner was introduced before the grand jury. People v. Glen, 173 N. Y. 395, 66 N. E. 112; People v. Martin, 87 App. Div. 487, 84 N. Y. Supp. 823.

The motion therefore is denied, and the defendant is required to answer the indictment.