THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HENRY FULLINGTON and Another, Defendants.

County Court, Schoharie County, February 4, 1935.

*J. Ernest Wharton, District Attorney*, for the plaintiff.

*Milo R. Kniffen*, for the defendants.

GOLDING, J. This is an application to inspect the minutes of the grand jury which found an indictment against these defendants, for the purpose of making a motion to dismiss the indictment on the grounds that illegal and incompetent evidence was presented to the grand jury, and they were denied a hearing before the magistrate after arraignment.

On arraignment before the justice they pleaded not guilty, and demanded a hearing. A date was set for the hearing. In the meantime they were indicted by a grand jury.

The defendants are not entitled to inspect the minutes on the ground they did not have a preliminary hearing before the magistrate. (*People* v. *Keavin,* 123 Misc. 56, 57; *People* v. *Joslin,* 129 id. 790; *Matter of Montgomery,* 126 App. Div. 83.)

As to the evidence before the grand jury, one of affiants in the moving affidavits states he had interviewed almost all of the witnesses, some several times, who testified before the grand jury. His affidavit is mostly on information and belief that certain exhibits were received in evidence which had no connection with the crime and were owned by others. These witnesses had a right to state their testimony before the grand jury. (*Matter of Osborne,* 62 Misc. 575, 580.)

No affidavit is presented from any of them, and affiant in his affidavit does not state what each witness said as a result of his interviews about such particular exhibits received in evidence. His affidavit states how it appears to him and his deductions or conclusions from such statements.

Defendants demanded " an itemized statement of the property taken from the complainant's gas station and the approximate value thereof," which the People furnished. There is no denial that any of this property was owned by others than complainant and that this property was exhibited to the grand jury.

This motion should not be granted, or an indictment dismissed on the ground that incompetent or illegal evidence was given before the grand jury where there was sufficient legal evidence to support the indictment, unless it clearly appears that the admission of illegal evidence improperly influenced the minds of the jurors. (*People* v. *Booth,* 52 Misc. 340, 342; *People* v. *Grout,* 174 App. Div. 608.)

A *prima facie* case, supported by competent and proper evidence, is sufficient for an indictment. (*People* v. *Farrell,* 20 Misc. 213.)

The presumption is that an indictment is based upon legal and sufficient evidence unless it is satisfactorily shown to the contrary. (*People* v. *Martin,* 87 App. Div. 487; *People* v. *Muhlstein,* 153 N. Y. Supp. 909; *People* v. *Glen,* 173 N. Y. 395; *People* v. *Sweeney,* 213 id. 37.)

The district attorney's affidavit shows that each of the defendants has a criminal record, and that one of them is now out on parole, and that there are further investigations being made that might involve one or both of the defendants, and that the inspection of the minutes would handicap him in his investigations and impede justice.

A motion for leave to inspect the minutes of the grand jury should never be granted unless the court is satisfied it is made

in good faith, to dismiss the indictment on legal grounds, but, even if satisfied, it is not obligatory upon the court to grant the motion where a disclosure of the evidence heard by the grand jury may tend to defeat the ends of justice. (*People ex rel. Martin* v. *Brady,* 168 App. Div. 108.)

The motion to inspect grand jury minutes is denied.